GEORGE M. MOORE, ADMINISTRATOR. v. HARTFORD FIRE INSURANCE COMPANY GROUP, HARTFORD FIRE INSURANCE COMPANY, HARTFORD ACCIDENT AND INDEMNITY COMPANY.

(Filed 20 June, 1967.)

**1. Insurance § 47.1—**
   The statutory requirement that a policy of automobile liability insurance issued in this State should provide protection against injury and damage inflicted by an uninsured motorist is remedial and will be liberally construed to accomplish its beneficial purpose, and the statutory provisions enter into and form a part of the policy, and policy provisions in conflict with the statutory provisions are void. G.S. 20-279.21.

**2. Same; Insurance § 59—**
   A policy provision that its uninsured motorist clause should constitute only excess insurance over any other similar insurance available to the injured person, is contrary to the statutory provisions of G.S. 20-279.21(b) (3), and the personal representative of a passenger killed as the result of the negligence of an uninsured motorist may recover on such clause, within the statutory limits, notwithstanding that the personal representative has theretofore received payment of a part of the claim under another policy of insurance covering the loss, provided that the recovery under both policies does not exceed the actual damages.

**3. Limitation of Actions § 15—**
   A stipulation of the parties that if the court should find that defendant is liable under the policy of insurance sued on, the court should then hear evidence and rule on the question of damages, waives any plea of the statute of limitations to the determination of damages.

APPEAL by plaintiff from *McLaughlin, J.,* 23 May 1966 Civil Session of MONTGOMERY. Docketed and argued as Case No. 601, Fall Term 1966, and docketed as Case No. 603, Spring Term 1967.

Civil action by plaintiff, administrator of the estate of his wife,

Beth G. Moore, to recover damages for the wrongful death of his intestate under the uninsured motorist clause of a policy of automobile liability insurance issued by Hartford Accident and Indemnity Company.

The parties waived trial by jury, and the case was heard upon written stipulations containing an agreed statement of facts, and the pleadings. The judge made findings of fact. We summarize so much of the judge's findings of fact as is necessary for a decision, the numbering of the paragraphs being ours:

(1)  On 9 January 1965 plaintiff's intestate, Beth G. Moore, was killed while riding as a passenger in a 1958 Chevrolet automobile driven by her husband, George M. Moore, and owned by Moore Recapping Company, Inc., when that vehicle collided with a Mercury automobile driven by Willie Tillman, an uninsured motorist. The Mercury automobile driven by Willie Tillman was owned by Elsie Lee Tillman. Neither Elsie Lee Tillman nor Willie Tillman had liability insurance, and neither said driver nor owner was or is financially responsible.

(2)  The sole proximate cause of the collision and the resulting death of Beth G. Moore was the negligent operation of the Mercury automobile by Willie Tillman.

(3)  At the time of the collision the automobile in which Beth G. Moore was riding when she was killed was covered by an automobile liability insurance policy issued by the Insurance Company of North America, which contained an uninsured motorist provision for $5,000 each person and $10,000 each accident. Two additional passengers riding in the Chevrolet automobile were also injured in said accident, and the Insurance Company of North America divided its $10,000 uninsured motorist coverage equally between the three injured persons riding in said automobile, so that the plaintiff's intestate was paid from this insurance policy the sum of $3,333.33.

(4)  Hartford Accident and Indemnity Company had issued a policy of automobile liability insurance to George M. Moore, individually, on a personal automobile owned by him (a different automobile from the one being operated by him at the time of the accident), which was in full force and effect at the time of the accident. Plaintiff's intestate, Beth G. Moore, was the wife of George M. Moore and a resident member of his household at the time of the collision. This policy contained an uninsured motorist endorsement with limits of $5,000 each person and $10,000 each accident.

(5)  The Hartford policy contains the following condition in its uninsured motorist endorsement:

"6.  Other Insurance. With respect to bodily injury to an insured while occupying an automobile not owned by the named insured under this endorse-

ment, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance."

A true copy of the uninsured motorist endorsement on the policy of the Hartford Accident and Indemnity Company is attached to defendant's answer. This uninsured motorist endorsement on this policy contains, *inter alia,* the following provisions:

"I. DAMAGES FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED BY UN-INSURED AUTOMOBILES:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of:

"(a) bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured. . . .

\*          \*          \*

"II. DEFINITIONS:

"(a) INSURED. With respect to the bodily injury coverage afforded under this endorsement, the unqualified word 'insured' means:

"(1) the named insured and, while residents of the same household, his spouse and the relatives of either. . . .

"(b) INSURED AUTOMOBILE. The term 'insured automobile' means:

\*          \*          \*

"(3) any other automobile while being operated by the named insured, or by his spouse if a resident of the same household. . . ."

The court concluded as a matter of law that no coverage is afforded to the plaintiff under the facts of this case, and plaintiff is therefore not entitled to recover anything from the Hartford Accident and Indemnity Company. Wherefore, the court adjudged and decreed that the plaintiff recover nothing of the defendants, or either of them; that plaintiff's action be dismissed; and that the costs be taxed against the plaintiff.

From this judgment, plaintiff appeals.

*S. H. McCall, Jr., and W. Kenneth Hinton for plaintiff appellant.*

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by Ralph M. Stockton, Jr., and J. Robert Elster for defendant appellees.*

PARKER, C.J.  G.S. 20-279.21(b)(3) provides, *inter alia,* that

"No policy of bodily injury liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in subsection (c) of § 20-279.5. . . ."

Subsection (c) of G.S. 20-279.5 provides that the minimum amount of such insurance must be $5,000, exclusive of interest and cost, of

bodily injury to or death of one person in any one accident, and $10,000 for bodily injury to or death of two or more persons in any one accident.

Farther on G.S. 20-279.21(b)(3) states:

> "In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement for judgment resulting from the exercise of any limits of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made, including the proceeds recoverable from the assets of the insolvent insurer."

G.S. 20-279.21(f) provides, *inter alia:*

> "Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein: (1) The liability of the insurance carrier with respect to the insurance required by this article shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs. . . ."

The Court said in *Buck v. Guaranty Co.*, 265 N.C. 285, 144 S.E. 2d 34:

> "G.S. 20-279.21(b)(3) was enacted as Chapter 640, Session Laws of 1961, entitled 'An Act to amend G.S. 20-279.21 defining motor vehicle liability insurance policy for financial responsibility purposes so as to include protection against *uninsured motorists.*' (Our italics.)"

Our uninsured motorist statute was enacted by the General Assembly as a result of public concern over the increasingly important problem arising from property damage, personal injury, and death inflicted by motorists who are uninsured and financially irresponsible. Its purpose was to provide, within fixed limits, some financial recompense to innocent persons who receive bodily injury or property damage, and to the dependents of those who lose their lives through the wrongful conduct of an uninsured motorist who cannot be made to respond in damages. A compulsory motor vehicle insurance act is a remedial statute and will be liberally construed so that the beneficial purpose intended by its enactment by the General Assembly may be accomplished. 7 Am. Jur. 2d, Automobile Insurance § 6.

> "In North Carolina today all insurance policies covering loss from liability arising out of the ownership, maintenance, or use of

a motor vehicle are, to the extent required by G.S. 20-279.21, mandatory." *Insurance Co. v. Roberts,* 261 N.C. 285, 134 S.E. 2d 654.

The specific question for decision is this: May Hartford Accident and Indemnity Company, an automobile liability insurance carrier, providing coverage against bodily injury or death in accord with the mandatory requirements of G.S. 20-279.21, after accepting a premium for such coverage, deny· coverage on the ground that the insured has other similar insurance available to him?

The State of Virginia has a statute substantially similar to our G.S. 20-279.21. We summarize the facts in *Bryant v. State Farm Mutual Automobile Insurance Co.,* 205 Va. 897, 140 S.E. 2d 817, from the statement of facts in the opinion as follows: Plaintiff while driving a Ford truck, belonging to his father, was negligently injured by an uninsured motor vehicle being driven by "W." He brought suit against the driver and owner of the vehicle, and recovered a judgment against them for $85,000. At the time of the accident, plaintiff was insured under the terms of a bodily injury liability insurance policy issued by State Farm to his father, which covered his car "and any other person while occupying the insured motor vehicle," and he was also the named insured in a bodily injury liability insurance policy issued to him by State Farm. Each policy had a limit of $10,000 for each person injured. State Farm acknowledged liability on its policy issued to his father and paid plaintiff $10,059 on his $85,000 judgment in settlement of all claims of plaintiff under his father's policy. Action was brought by plaintiff to recover on the policy issued to him by State Farm. State Farm, his insurer, denied liability, relying upon substantially the exact language of the "other insurance" clause which is involved in the present case. The lower court held for State Farm and the Supreme Court of Appeals of Virginia reversed, and granted to the plaintiff judgment against the defendant for $10,000 with interest. The Virginia Court stated in substance, except when quoted: That the "controlling instrument is the statute and that provisions in the insurance policy that conflict with the requirements of the statute, either by adding to or taking from its requirements, are void and ineffective." Section 38.1-381(b), Code of Virginia (1964 Cum. Supp.), requires all automobile liability insurance policies issued in the State to include an endorsement undertaking "to pay the insured *all sums* which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." (Emphasis ours). The Virginia Court held that the "other insurance" clause, approved by the Virginia State Corporation Commission, was in derogation of the requirement of the statute and, therefore, of no effect.

Defendant in its brief relies upon and quotes at length from the case of *"United States Fidelity and Guaranty Co. v. Sellers,* 185 So. 2d 689 (Fla., 1965)." The citation is wrong. It should be 179 So. 2d 608. The decision in 179 So. 2d 608, from which the brief quotes extensively, was rendered by the District Court of Appeals of Florida, First District, on 4 November 1965. The Supreme Court of Florida on appeal reversed the judgment of the District Court of Appeals, First District, 179 So. 2d 608, in a decision rendered on 20 April 1966, rehearing denied 17 May 1966, and this case is reported under the name of *Sellers v. United States Fidelity and Guaranty Co.,* 185 So. 2d 689. The extensive quotation in defendant's brief from the opinion rendered by the District Court of Appeals of Florida does not appear in the opinion rendered in the same case by the Supreme Court of Florida. The Supreme Court of Florida, after reviewing the *Bryant* case from Virginia, stated:

"Both the Virginia statute and the Florida statute contain subrogation clauses providing that an insurer making payments under its uninsured motorist coverage is entitled to the proceeds of any recovery against the uninsured motorist or any other person or organization legally responsible for the injury by the insured, at least to the extent of the insurer's payment. Section 627.0851(4), Florida Statutes, F.S.A.; Section 38.1-381(f), Code of Virginia (1964 Cum. Supp.)."

The Court held, as correctly summarized in the following headnotes in the opinion reported in 185 So. 2d 689:

"1. Automobile liability carrier providing coverage against injury by an uninsured motorist in accord with requirements of statute, after accepting premium for such coverage, may not deny coverage on ground that insured has other similar insurance available to him. F.S.A. §§ 324.021(7), 627.0851 and (4).

"2. Statutes requiring automobile liability policy to include uninsured motorist protection invalidated condition in automobile liability policy providing uninsured motorist coverage but attempting to limit insurer's liability through other insurance, excess-escape or pro rata clauses. F.S.A. §§ 324.021(7), 627.0851 and (4).

"3. Statute requiring uninsured motorist provision in automobile liability policies does not permit insured to pyramid coverages under separate automobile liability policies so as to recover more than his actual bodily injury loss or damage, but, if he is beneficiary of more than one policy, he may recover maximum allowed under each policy to extent of his loss or, if

his loss is more than limit but less than sum of limits of multiple policies protecting him, proration among insurers would be in order. F.S.A. § 627.0851(4).

"4. Insured protected by multiple policies containing uninsured motorist provision can proceed against any one or more of insurers, but in any event he shall not be entitled to recover from all of them more than amount of his loss and bodily injury caused by an uninsured motorist and his recovery from any one of them shall be within limits of the particular policy. F.S.A. § 627.0851."

The Supreme Court of Florida further stated in its opinion:

"Hypothetical situations under standard Condition 5 were discussed by Mr. Norman Broad in a note found in University of Florida Law Review, Volume XIV, No. 4, page 455. He concludes that 'Courts attempting to reconcile conflicting "other insurance" provisions will always disappoint the contractual expectations of at least one insuring company.' After exhaustive analysis of the subject, he concludes that the fairest solution would be to void these clauses as hopelessly in conflict and prorate the loss between the carriers in the proportion that the policy limits bear to the total amount of insurance available."

In very recent years the courts have frequently been confronted with situations where there are two or more automobile policies which provide coverage for the particular event. Many cases have arisen in the last few years involving conflicts between insurance policies, both of which purport to restrict or escape liability for a particular risk in the event that there is other insurance. The courts have rendered many decisions since the article on automobile insurance in 7 Am. Jur. 2d was written, and the volume containing that article was published in 1963. The same is true in respect to the pertinent volume of Corpus Juris Secundum. The Court of Appeal of Louisiana, Third Circuit, in *LeBlanc v. Allstate Insurance Company*, 194 So. 2d 791, in the majority opinion written by Judge Savoy, rendered 11 January 1967, rehearing denied 15 February 1967, has correctly analyzed many of these more recent decisions, many of which are cited and quoted from in defendant's brief. The facts in that case are these: On 27 October 1963, a vehicle owned and operated by Pellerin collided with an automobile owned and operated by Deshotel. LeBlanc, the plaintiff, was a guest passenger in the Deshotel vehicle and was injured in the collision. The husband of the plaintiff in a companion case was also a passenger in the Deshotel automobile, and was killed as a result of the collision between the two vehicles. The Pellerin automobile was uninsured, and on the

trial it was established that the negligence of its driver was the sole proximate cause of the accident. State Farm Mutual Automobile Insurance Company was the insurer of the Deshotel vehicle, and it deposited the sum of $10,000, the limit of liability under the uninsured motorist provision of the Deshotel policy, into court to be distributed among the three claimants. In the distribution, the widow of Joseph Courville received $5,000, plaintiff $3,000, and Deshotel $2,000. It was stipulated that the damages of plaintiff and Marie Courville were each in excess of $10,000. At the time of the collision plaintiff was insured by Allstate Insurance Company as a passenger in a non-owned automobile under the provisions of the family policy covering his own automobile. In like manner, Joseph Courville was an insured under a policy of public liability insurance on his family automobile, which policy was written by State Farm Mutual Automobile Insurance Company. In the present suit and in the companion suit plaintiff and the widow of Joseph Courville are suing the insurers of their respective family automobiles under the uninsured motorist coverage in the policies issued to each passenger. The trial judge rendered judgment in favor of each plaintiff in the amount of $5,000, the policy limit for a single person under the uninsured motorist endorsement. The two insurance companies appealed claiming that the distribution of the $10,000 fund deposited in the court under the policy covering the automobile of Deshotel extinguished further liability under plaintiff's policy. The policies of both insurance companies appealing had a provision for other insurance substantially similar to the provision for other insurance in the instant case. In his opinion, Judge Savoy speaking for three members of the Court said:

> "One of the earliest decisions concerning the 'other insurance' provisions of an uninsured motorist clause was the case of *Burcham v. Farmers Insurance Exchange* (1963), 255 Iowa 69, 121 N.W. 2d 500. In that case the plaintiff was riding in a non-owned automobile which was insured, including uninsured motorist coverage with limits of 5/10, when she sustained injuries as a result of the negligence of an uninsured motorist. The primary insurer of the car in which she was riding made settlement with the plaintiff. The plaintiff's father, with whom she resided, had in force and effect three policies of insurance with Farmers Exchange, all affording uninsured motorist coverage for a per person limit of $5,000.00. The plaintiff brought action against Farmers Insurance Exchange on the three policies issued to her father, claiming that those policies were applicable to the accident and injuries which she had sustained. The trial court ren-

dered judgment in favor of the defendant, and the plaintiff appealed to the Supreme Court. The Supreme Court held that all of the policies involved in the litigation contained the same 'other insurance' clause (which was substantially the same as the other insurance clause contained in all of the policies in the instant case), and that that clause afforded Farmers Insurance Exchange a complete defense because the policy limits for one person were the same in each policy. The court construed the 'other insurance' provision to express the intention that each company intended to provide, and the insureds intended to buy, coverage to the extent stated in the 'other insurance' clause, and that neither company intended an insured to receive more than $5,000.00 from all sources under uninsured motorist coverage while occupying a non-owned automobile.

"The appellate courts of New York have also considered the effect of the 'other insurance' clause of uninsured motorist policies containing the same provisions as are here involved with reference to non-owned automobiles, and have reached the same conclusion as was reached in the *Burcham* case, *supra,* to the effect that where the primary coverage affords limits not less than those of additional policies, that no excess insurance is available. *Globe Indemnity Company v. Baker's Estate* (1964), 22 A.D. 2d 658, 253 N.Y.S. 2d 170.

"The courts of California have also considered the identical 'other insurance' provisions as are contained in the instant case, and have reached the same conclusions as were reached in the *Burcham* and *Globe Indemnity Company* cases, *supra.* See *Kirby v. Ohio Casualty Insurance Company* (1965), 232 Cal. App. 2d 9, 42 Cal. Rptr. 509; and *Grunfeld v. Pacific Automobile Insurance Company* (1965), 232 Cal. App. 2d 4, 42 Cal. Rptr. 516.

"The State of Washington, in the case of *Miller v. Allstate Insurance Company* (Washington, 1965), 405 P. 2d 712, likewise considered similar provisions and held that where the primary policy afforded coverage not less than that afforded by a possible excess policy, the excess policy was not applicable.

"In the recent New Hampshire case of *Maryland Casualty Company v. Howe* (1965), 106 N.H. 422, 213 A. 2d 420, it was held that when the insured had received the amount provided in the higher limits of either of the policies, he had recovered under uninsured motorist coverages all that was available to him.

"The only states wherein a contrary result has been reached are the states of Oregon, Virginia and Florida.

"In the Oregon case of *Smith v. Pacific Automobile Insurance Company* (1965), 240 Or. 167, 400 P. 2d 512, Pacific Automobile Insurance Company insured the plaintiff for uninsured motorist coverage and had a standard 'other insurance' provision such as we have in the instant case. Smith was riding in a non-owned automobile operated by Damewood. Damewood was insured under a policy of insurance with Oregon Mutual, but Oregon Mutual's policy had a non-standard provision with respect to the uninsured motorist clause. The court (after Oregon Mutual had paid Smith $2,500.00) considered the provisions of the two policies and found they were repugnant one to the other and allowed Smith to recover. The *Smith* case, *supra*, although reaching a contrary result because of the repugnant provisions, is completely distinguishable from the facts here involved.

"The other two states, Virginia (*Bryant v. State Farm Mutual Automobile Insurance Company* (1965), 205 Va. 897, 140 S.E. 2d 817; and *White v. Nationwide Mutual Insurance Company v. Allstate Insurance Company* (D.C. Virginia, 1965), 245 F. Supp. 1), and Florida (*Sellers v. United States Fidelity & Guaranty Company* (Florida, 1966), 185 So. 2d 689), reached contrary results solely because the courts found that the 'other insurance' provisions of the policies were contrary to their particular state statutes. In each of those states prior decisions had been rendered in Federal courts construing the uninsured motorist provisions giving full effect to the 'other insurance' provisions of the policy. The *Bryant* decision, *supra*, effectively overruled the Federal court decision in *Travelers Indemnity Company of Hartford, Conn. v. Wells* (4 Cir. Virginia, 1963), 316 F. 2d 770; and the *Sellers* decision, *supra*, effectively overruled the Federal court decision in the case of *Chandler v. Government Employees Insurance Company* (5 Cir. Florida, 1965), 342 F. 2d 420. Both the *Sellers* decision, *supra*, in Florida, and the *Bryant* and *White* decisions, *supra*, in Virginia were based upon the court's interpretation of state statutes so as to require the excess insurer to afford full uninsured motorist coverage without limiting its liability based upon any primary coverage.

"Louisiana statutes do not make the requirement of the Virginia or Florida statutes, and specifically reserve to the insurer the right to limit its liability so long as the uninsured motorist provision guaranteed to an insured minimum limits of coverage

as a result of bodily injury sustained at the hands of an uninsured motorist.

"We are of the opinion that the purpose of the statute in Louisiana is as set forth in Couch on Insurance 2d, (1964), Section 45:623, Volume 12, page 570:

"'The purpose of the statute making uninsured motorist coverage compulsory, it has been said is to give the same protection to a person injured by an uninsured motorist as he would have if he had been injured in an accident caused by an automobile covered by a standard liability insurance policy.'

"Under the result which we have reached, LeBlanc can recover only a total of $5,000.00 from both insurers. As stated above, he had already received $3,000.00 from the primary insurer, State Farm. Hence, he is entitled to recover $2,000.00 from the defendant, Allstate, as excess insurer.

"For the reasons assigned, the judgment of the district court is amended by reducing the award to plaintiff from the sum of $5,000.00 to the sum of $2,000.00, and, as amended, is affirmed."

Judge Fruge dissented on the ground that the Florida Court in the *Sellers* case and the Virginia Court in the *Bryant* case, though they constituted a numerical minority, are correct. Judge Tate agreed with Judge Fruge's dissent.

This is said in 7 Am. Jur. 2d, Automobile Insurance, § 201 (1963): "As distinguished from a 'pro rata' or proportionate recovery clause, some automobile policies, and especially automobile liability policies, provide that as to a particular coverage, it shall be 'excess insurance' only. Under such a policy, and as to such a coverage, the insurance company issuing the policy is not liable for any part of the loss or damage which is covered by other insurance — it is liable only for the amount of loss or damage in excess of the coverage provided by the other policy or policies of insurance."

We have read all the cases cited in the briefs of the parties, and many cases on the subject not cited in the briefs. It seems plain that the decisions are based on the particular language of the statutes in the various states in respect to compulsory automobile liability insurance, and the construction each state court puts on its statute. To analyze the statute of each state would be a herculean labor and would serve no useful purpose, for the reason that our decision must rest upon our own statute.

"Where a statute is applicable to a policy of insurance, the provisions of the statute enter into and form a part of the policy to the same extent as if they were actually written in it. In case a pro-

vision of the policy conflicts with a provision of the statute favorable to the insured, the provision of the statute controls." *Howell v. Indemnity Co.*, 237 N.C. 227, 74 S.E. 2d 610.

In the written stipulations of agreed facts this is stated:

"12. That the only matters in controversy in this action are:

"(a) Whether the uninsured motorist endorsement in the defendants' Policy No. 220F687604 issued to George M. Moore provides any insurance coverage to the plaintiff's intestate under the facts as above stipulated.

"(b) If it does provide coverage, does it provide coverage up to $5,000.00; or is coverage limited to a maximum of $5,000.00 less the amount of $3,333.33 received by plaintiff's intestate under another uninsured motorist policy?

"(c) What amount of damages, if any, is the plaintiff's intestate entitled to recover of the defendant?

"13. The parties further stipulate that if the Court finds that coverage is available under the policy issued by the defendant Hartford Accident and Indemnity Company, that the Court may then hear evidence of and rule on the question of damages; and the parties do hereby waive their right to trial by jury."

We consider that G.S. 20-279.21(b)(3) provides for a limited type of compulsory automobile liability coverage against uninsured motorists. It requires coverage for bodily injury or death caused by an uninsured motorist to the extent of $5,000 for one person. It does not permit "other insurance" clauses in the policy which are contrary to the statutory limited amount of coverage. In our opinion our statute is designed to protect the insured as to his actual loss within such limits, but being of statutory origin it was not intended by the General Assembly that an insured shall receive more from such coverage than his actual loss, although he is the beneficiary under multiple policies issued pursuant to the statute. It seems clear that our statute does not limit an insured only to one $5,000 recovery under said coverage where his loss for bodily injury or death is greater than $5,000, and he is the beneficiary of more than one policy issued under G.S. 20-279.21(b)(3). To hold that plaintiff under the facts stipulated is not entitled to recover anything under the policy issued by Hartford Accident and Indemnity Company because he received $3,333.33 from the policy issued by the Insurance Company of North America is to amend our statute, not construe it. In *Bryant v. State Farm Mutual Automobile Insurance Company, supra,* the Virginia Court held the sum plaintiff was entitled to re-

cover from defendant's policy is the unpaid part of his judgment for $85,000 within the limit of defendant's policy.

The answer to the precise question stated before in this opinion is, No. The answer to the question presented in Paragraph 12(a) in the written stipulations of agreed facts is, Yes.

One of the written stipulations of agreed facts states in part: "The plaintiff's intestate at the time of her death was 45 years of age, was a housewife in good health. . . ." So far as the record before us shows the amount plaintiff is entitled to recover from Willie Tillman for the wrongful death of his intestate has not been determined. The trial judge concluded that under the agreed facts defendant's policy afforded no coverage, and that the plaintiff recover nothing of defendant. In this he committed prejudicial error.

The judgment appealed from is reversed, and the case is remanded to the Superior Court of Montgomery County to the end that according to the stipulation of agreed fact "that if the Court finds that coverage is available under the policy issued by the defendant Hartford Accident and Indemnity Company, that the Court may then hear evidence of and rule on the question of damages; and the parties do hereby waive their right to trial by jury." By this stipulation the defendant has waived any plea of the statute of limitations to the determination of damages. When the court determines the amount of damages which plaintiff is entitled to recover for the wrongful death of his wife by the sole proximate negligence of Willie Tillman, it will enter judgment that the plaintiff have and recover of defendant the unpaid part of the damages, if any, after deducting from such amount the sum of $3,333.33 that he has received from the Insurance Company of North America, within the limit of defendant's policy, to wit, $5,000.00.

Reversed and remanded with directions.