**NATIONWIDE MUTUAL INSURANCE COMPANY, Complainant,**

v.

**ALLSTATE INSURANCE COMPANY et al., Defendants.**

**Civ. A. No. 68–C–39–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Sept. 29, 1969.

Francis W. Flannagan, Woodward, Miles & Flannagan, Bristol, Va., for Nationwide Mutual Insurance Co.

G. R. C. Stuart, Penn, Stuart & Miller, Abingdon, Va., for Allstate Insurance Co.

R. Russell Myers, Bristol, Va., for Edward Allen Booher.

Ralph M. Dillow, Jr., Bristol, Va., for Bill Penley.

J. D. Bowie, Warren & Bowie, Bristol, Va., for Draxie Woods.

L. Victor McFall, Clintwood, Va., for Draxie Woods.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW AND OPINION

HAYES, District Judge (sitting by designation).

The Court finds from the evidence that Allstate Insurance Company, pursuant to an application filed by James C. Penley on June 20, 1967, in which he represented that applicant was the sole owner of the automobile, issued an Allstate family automobile policy on a 1967 Chevrolet Roman II. The applicant was aged 22 and stated in his application which was made a part of the policy that the vehicle would be operated five percent by his brother, Billy Penley, aged 19, who lived in the same household with James.

James gave Billy permission to use the automobile for going to and from his work at Bristol but at all times with strict orders not to let anybody else at any time drive the car. While he had some information three or four times that Billy may have disregarded the order, he took it up with Billy and Billy each time denied that anybody else had been permitted to drive it.

The insured under part one of the policy "with respect to the owned automobile, included the named insured (James C. Penley) and any resident "of the same household" and "any other person using such automobile with the permission of the named insured."

On October 29, 1967, James Penley permitted Billy Penley to drive the automobile to Bristol to his work and thereafter Billy Penley, without the knowledge, consent, or permission of the in-

sured, James Penley, permitted Edward Allen Booher to operate the said Chevrolet automobile for the private purpose of Edgar Allen Booher in which neither Billy Penley nor James Penley had any interest whatsoever.

While the said Edgar Allen Booher was operating the automobile it was involved in an accident with an automobile operated by Junior George Woods, in which Draxie Woods was a passenger and who was severly injured in said accident.

Draxie Woods brought an action at law in the Circuit Court of Washington County, Virginia, under the style of Draxie Woods vs. Edgar Allen Booher, an infant, and Billy Penley, for personal injuries growing out of said accident. On November 2, 1967, Allstate filed with the Board of Motor Vehicle Department of Virginia the SR–21 to the effect that its policy covered the Chevrolet car and its driver, Edgar Allen Booher.

There is no evidence that any party to this litigation was prejudiced in any way by the filing of the SR–21.

Within a few days after filing the SR–21 Allstate Insurance Company notified the Motor Vehicle Department that they wanted to withdraw the SR–21 as to the operator, but due to its negligence it failed to give correct information, with the result that it was not received by the Commissioner of Motor Vehicles until the expiration of 90 days.

There is no evidence that any of the parties to this action have been prejudiced in any way or affected by the filing of the SR–21. The plaintiff, Nationwide Mutual Insurance Company, admits its duty to defend the action and to pay the damages recovered as a result thereof to the limit of its policy if Allstate Insurance Company is not liable under its policy.

■ The accident occurred in Virginia and the Virginia law controls in this case. In respect to the filing of the SR–21, it does not have the legal effect of creating contractual obligations where none exists under the policy nor does it amount to a waiver or an estoppel. Filing the SR–21 does not prevent the insurer from showing that the policy does not in fact afford protection to the operator of the insured vehicle. The legal issue here involved has been fully determined by the Supreme Court of Virginia, Western District of Virginia, and by the Fourth Circuit Court of Appeals. The Virginia law is fully considered and applied in the following cases: White v. Nationwide Mutual Insurance Company, D.C., 245 F.Supp. 1; Insurance Company of North America v. Atlantic National Insurance Company and Peter H. Ros, 329 F.2d 769 (4th CCA); Connell v. Indiana Insurance Company, 334 F.2d 993 (4th CCA).

■■ Since James C. Penley was the sole owner of the automobile and the named insured in the policy, the policy does not cover the operator of the vehicle unless such operator had the permission of James C. Penley, either expressed or implied. There are no facts or circumstances in this case to warrant a finding that Booher had either expressed or implied permission to operate James Penley's automobile. While Billy Penley had express permission to drive it for his purposes, it was at all times with the limitations that he did not permit anyone else to drive it. Booher was merely a permittee of Billy, who had no authority to grant permission on behalf of James Penley. These principles of law have likewise been determined both in Virginia and by the Fourth Circuit Court of Appeals; Farmer v. Fidelity and Casualty Company, 249 F.2d 185 (4th CCA); Williams v. Travelers Insurance Company, 265 F.2d 531 (4th CCA). The standard omnibus clause is required in Virginia, title 38.1, Sec. 381, and is to be liberally construed, but the court cannot write a new contract; Utica Mutual Insurance Company v. Rollason, 246 F.2d 105 (4th CCA); the subject matter is also extensively discussed in the annotation to Krebsbach v. Miller, 4 A.L.R.3rd, at page 10.