CARRIE LUCILLE TURNER v. NATIONWIDE MUTUAL
INSURANCE COMPANY

No. 718SC396

(Filed 14 July 1971)

Insurance § 69— uninsured motorist insurance — other coverage available
to injured person

    Where plaintiff automobile passenger procured a judgment of $22,500 against an uninsured motorist whose automobile collided with the vehicle in which plaintiff was riding and whose negligence was the sole proximate cause of the collision, and plaintiff has available to her a total of $9,250 under uninsured motorist provisions in liability policies issued to plaintiff and to the owner of the vehicle in which plaintiff was riding, the insurer of the driver of the vehicle in which plaintiff was riding cannot under the uninsured motorist provisions of its policy or under its "other insurance" clauses deny coverage to plaintiff on the ground that plaintiff has other similar insurance available to her, since plaintiff's judgment exceeds the uninsured motorist coverage available to her.

APPEAL by defendant from *Cohoon, Judge,* 2 March 1971 Regular Civil Session of Superior Court held in WAYNE County.

*Braswell, Strickland, Merritt & Rouse by Roland C. Braswell for plaintiff appellee.*

*Robert R. Gardner, and Smith, Anderson, Dorsett, Blount & Ragsdale by Willis Smith, Jr., for defendant appellant.*

MALLARD, Chief Judge.

When this cause came on for trial, a jury trial was waived and the facts were stipulated. Among the stipulated facts appear the following:

"1. That the plaintiff, Carrie Lucille Turner, on May 8, 1966, at or about 12:30 a.m., was a passenger in a 1961 Ford automobile which was being driven in a southerly direction on U. S. Highway No. 117 by Oscar Linwood Sutton and was approaching a point near the Wayne-Wilson County, North Carolina line, when it was involved in an accident with a 1953 Chevrolet automobile which was at that time being operated in an easterly direction upon a rural paved road which intersects U. S. Highway 117 at or near the Wayne-Wilson County, North Carolina, line, resulting in personal injuries to the plaintiff.

\* \* \*

4. That Nationwide Insurance Company issued its assigned risk policy No. 61-683-687 to Oscar Linwood Sutton for the policy period from March 26, 1966, to March 26, 1967; that said policy contained an uninsured motorist endorsement, being endorsement No. 644; that said policy including the uninsured motorist endorsement was in full force and effect at all times complained of in this matter.

\* \* \*

6. That Danny Ray Barnes was the operator of the 1953 Chevrolet automobile at the time referred to in the complaint; that Danny Ray Barnes did not have liability insurance which covered him or protected him at the time of the operation of said automobile and that said automobile was an uninsured motor vehicle as that term is defined in the policy provisions of the insurance policy No. 61-683-687 issued by the defendant hereinabove referred to and that Danny Ray Barnes was an uninsured motorist as that term is defined in said policy.

7. That the 1961 Ford automobile in which the plaintiff was a passenger and which was being driven by Oscar Linwood Sutton was not owned by him but was in fact owned by James Thomas Hargrove; that Oscar Linwood Sutton was operating the same with the consent of James

Turner v. Insurance Co.

Thomas Hargrove and said automobile was covered by a liability policy issued by Great American Insurance Company, the same being Policy No. 4-49-01-27 UF, and that said policy contained an endorsement providing protection against uninsured motorists in the limits of liability in the amount of $5,000.00 each person and $10,000 each accident.

8. That the said collision and the injuries sustained by the plaintiff resulted and arose solely and exclusively from and were proximately caused and produced by the negligent operation of the 1953 Chevrolet automobile operated by Danny Ray Barnes.

9. That a jury awarded damages to the plaintiff, Carrie Lucille Turner, in the sum of $22,500.00.

10. That the plaintiff has made demands upon the defendant herein in the amount of $5,000.00, which said claims has (sic) been denied, on the grounds that the policy did not cover plaintiff's claim.

11. That the plaintiff has complied with all conditions precedent to the bringing of this action as set out in the policy or said provisions have been waived by the defendant.

12. That the plaintiff, Carrie Lucille Turner, was an insured under the uninsured motorist coverage endorsement according to the terms of Great American Insurance Company's policy No. 4-49-01-27 UF, which said Great American Insurance Company issued to James Thomas Hargrove covering the 1961 Ford automobile being driven by Oscar Linwood Sutton at the time complained of herein.

13. That South Carolina Insurance Company caused its Policy No. FCS 15133 to be issued to the plaintiff, Carrie Lucille Turner, covering an automobile owned by her but not involved in this accident which resulted in her injuries, which contained an endorsement providing protection against uninsured motorists with policy limits therein of $5,000.00, each person, and $10,000.00 each accident, and plaintiff was an insured under the uninsured motorist coverage endorsement or coverage of such policy.

14. That the plaintiff, Carrie Lucille Turner, was the named insured in South Carolina Insurance Company Policy No. FCS 15133 hereinabove referred to.

15. That Great American Insurance Company under the provisions of its Policy No. 4-49-01-27 UF has paid to the plaintiff, Carrie Lucille Turner, the sum of $5,000.00; that South Carolina Insurance Company under the provisions of its policy No. FCS 15133 has paid to the plaintiff Carrie Lucille Turner the sum of $4,250.00.

16. That if the plaintiff, Carrie Lucille Turner is entitled to recover against the defendant under the terms of said policy, then she is entitled to recover the sum of $4,562.50 on account of the cause of action set out in Count One of the plaintiff's complaint.

17. That the only matter in controversy in this action is whether the uninsured motorists endorsements in the defendant's Policy No. 61-683-687 issued to Oscar Linwood Sutton provides any insurance coverage to the plaintiff, Carrie Lucille Turner.

18. The parties agree that this action shall be determined upon these stipulations, plus the insurance policies and the endorsements attached thereto above referred to, and without the introduction of any other or additional evidence."

Upon the stipulated facts, the trial judge made conclusions of law and entered judgment as follows:

"1. That all parties are properly before the Court; that the Court has jurisdiction of the subject matter; that trial by jury has been waived.

2. That the plaintiff, Carrie Lucille Turner, is an insured under the terms of the policy issued by the defendant to its insured, Oscar Linwood Sutton, the same being its assigned risk Policy No. 61-683-687, and that said policy was in full force and effect at all times complained of in this matter including the uninsured motorist endorsement No. 644.

3. That the uninsured motorist endorsement No. 644 in the defendant's policy No. 61-683-687 issued to Oscar Linwood Sutton provided insurance coverage to the plaintiff, Carrie Lucille Turner.

4. That the defendant cannot under the uninsured motorist provisions of its policy nor under its 'other insur-

ance' clauses, deny coverage to plaintiff on the ground that the insured (plaintiff) had other similar insurance available to her and paid to her, plaintiff's judgment being in excess of the uninsured motorist coverage available to her as such would be contrary to the intent and provisions of General Statute 20-279.21.

5. That Carrie Lucille Turner is entitled to cover (sic) of the defendant the sum of $4,250.00.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff have and recover of the defendant the sum of $4,250.00 together with the cost of this action which is to be taxed by the Clerk."

The pertinent provisions of the uninsured motorist endorsement of the assigned risk policy issued by Nationwide, as stipulated, are identical to the provisions of the Hartford Accident and Indemnity Company's policy quoted on pages 553 and 554 in the case of *Moore v. Insurance Co.*, 270 N.C. 532, 155 S.E. 2d 128 (1967).

Under the principles of law set forth in *Moore v. Insurance Co.*, *supra*, we hold that the trial judge made proper conclusions of law based upon the stipulated facts, and the judgment entered thereon is proper and is therefore affirmed.

Affirmed.

Judges CAMPBELL and HEDRICK concur.