## CURTIS *v.* CURTIS.

1. DIVORCE—JURISDICTION—RESIDENCE—STATUTES.

> Statutory requirement of year's residence in the State and 10 days' residence in the county was met by plaintiff's testimony that she had lived all her life in a named city, where there is only one city by such name within the State and it was located in county in which suit for divorce was then pending (CL 1948, § 552.9).

2. EVIDENCE—JUDICIAL NOTICE—INCORPORATED MUNICIPALITIES.

> A court can take judicial notice of the incorporated municipalities within its jurisdiction.

3. DIVORCE—RESIDENCE—WORDS AND PHRASES.

> Testimony that plaintiff "lived" within the jurisdiction of the court wherein she sought divorce satisfied statutory requirement that applicant shall have "resided" within the jurisdiction as the word "live" is commonly used as a synonym for "reside" and was so understood by trial court (CL 1948, § 552.9).

4. APPEAL AND ERROR—SAVING QUESTION FOR REVIEW—INTERPOSITION OF OBJECTIONS TO LEADING QUESTIONS.

> Failure to interpose objections to leading questions at original hearing in suit for divorce rendered claim of error in such respect on appeal too late.

5. SAME—EXTREME CRUELTY—EVIDENCE.

> Sufficient evidence of extreme cruelty on part of husband to allow the court to grant decree to wife *held*, presented in meager record on husband's appeal from decree to her.

6. SAME—INTERLOCUTORY PERIOD BEFORE DECREE BECAME ABSOLUTE—WIFE'S CONDUCT—CUSTODY OF CHILD.

> Denial of motion to set aside a decree of divorce and husband's petition for custody of child because of wife's alleged misconduct during 6-month interlocutory period before decree

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 17 Am Jur, Divorce and Separation, §§ 252, 388.
[1, 3] What constitutes residence or domicil within State for purposes of jurisdiction in divorce.   106 ALR 6; 159 ALR 496.
[2] 20 Am Jur, Evidence, § 53.
[5] 17 Am Jur, Divorce and Separation, § 401.
[6] 17 Am Jur, Divorce and Separation, § 684.

became absolute, was proper, where there was no showing of any misconduct on her part that would indicate moral depravity or that she was an unfit custodian of the child, merely because she had become engaged to another man during such interlocutory period.

Appeal from Oakland; Hartrick (George B.), J. Submitted January 4, 1951. (Docket No. 54, Calendar No. 44,980.) Decided March 1, 1951. Rehearing denied May 14, 1951.

Bill by Grayce R. Curtis against James R. Curtis for divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Benjamin Tauber,* for plaintiff.

*William John Beer,* for defendant.

BUTZEL, J. Grayce Curtis, plaintiff, was awarded a decree of divorce on the grounds of cruelty from James Curtis, defendant, his answer and cross bill having been withdrawn at the hearing. As there was a dependent child, the decree did not become final until 6 months after its date, as no unusual hardship was shown. CL 1948, § 552.9 (Stat Ann 1949 Cum Supp § 25.89). Within the 6-month period the defendant filed a motion to set aside the decree. The motion was denied after a hearing. Defendant appeals both from the granting of the decree and the denial of the motion to set it aside.

The defendant's first contention is that the testimony was not sufficient to establish residence under the provisions of CL 1948, § 552.9 (Stat Ann 1949 Cum Supp § 25.89), which says in part:

"No decree of divorce shall be granted by any court in this State in any case unless: * * *

"The party applying therefor shall have resided in this State for 1 year immediately preceding the

time of filing the bill or petition therefor; * * *

"The complainant * * * shall have resided in the county in which the bill or petition for divorce is filed for 10 days immediately preceding the filing of the bill or petition therefor."

The defendant cites *Kennedy* v. *Kennedy,* 325 Mich 613. In that case the only testimony to show residence was:

"*Q.* You have a home owned by the parties?
"*A.* Yes, sir.
"*Q.* Where is that located?
"*A.* 4305 Harvard road."

The question before us was whether the jurisdictional requirement of 1 year's residence within the State had been met, and we said:

"While it may be supposed that Harvard road is in Wayne county, there is nothing from which the court can take judicial notice of that fact."

In the present case, the testimony was as follows:

"*Q.* How long have you lived in the State of Michigan and city of Oxford, all your life?
"*A.* Yes, sir."

Appellant contends that the plaintiff did not show that she had resided in Oakland county. The testimony differs from that in *Kennedy* v. *Kennedy, supra.* A street address could be duplicated anywhere, and when the only evidence of residence is a street address, the trial court has no assurance that it has jurisdiction. However, there is only one Oxford in Michigan and it is in Oakland county. The court can take judicial notice of the incorporated municipalities within its jurisdiction. *People* v. *Curley,* 99 Mich 238.

Appellant also contends that "live" is not the same as "reside," and that residence as required by the

statute was not shown. The word "live" is commonly used as a synonym for "reside," and it was so understood by the trial court.

It is further claimed that the testimony introduced by the plaintiff did not show any statutory grounds for divorce. At the original hearing both the parties and their attorneys were before the court. Leading questions were asked but defendant's attorney interposed no objections. His claim of error in that regard comes too late. An amicable division of property had been agreed upon and the questions of custody and visitation were settled. Under these circumstances only a meager record was made but it included sufficient evidence of cruelty on the part of the husband to allow the court to grant the decree.

At the hearing on the petition the plaintiff admitted that she had become engaged to another man during the 6 months prior to the final date of the decree and that she had shown her affection towards him at times. Defendant contends that the wife's misconduct during the 6-month interlocutory period caused her to lose her right to an absolute decree. There was no showing of any misconduct on her part that would indicate moral depravity, or that she was an unfit custodian of the child. The plaintiff with a minor child to support would naturally look to the future. Even if the plaintiff acted with undue haste, she did nothing that would justify a vacation of the decree.

The remaining allegation of error is of no merit whatsoever and requires no discussion.

The order of the trial court is affirmed, with costs to the appellee.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.