STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
Plaintiff-Appellee,

v.

Barry THOMAS, Virgil A. Fisher, Betty S. Fisher, Lucinda Rouson, Jerry Harrison and Margaret Harrison, Defendants-Appellants.

Court of Appeals of Tennessee,
Eastern Section.

July 26, 1983.

Permission to Appeal Denied by
Supreme Court Oct. 31, 1983.

Stuart Hampton, with Hampton & Hampton, Elizabethton, for defendants-appellants.

H. Dennis Jarvis, Jr., Sevierville, for plaintiff-appellee.

## OPINION

SANDERS, Justice.

This is an appeal from a chancery decree in a declaratory judgment suit holding there was no coverage under an automobile liability policy.

In June, 1981, the Plaintiff-Appellee, State Farm Mutual Automobile Insurance Company, issued a standard automobile liability policy to the Defendants, Virgil A. Fisher and Betty S. Fisher, residents of Salem, Virginia. As pertinent here, the policy provides coverage to a non-owned automobile for "any relative" of the named insured. It defines a relative as "any relative of the named insured who is a resident of the same household." A non-owned automobile is defined so as to exclude coverage on a non-owned automobile "furnished for the regular use of either the named insured or any relative."

The Defendant, Barry Thomas, is the stepson of the insured, Virgil Fisher, and

the natural son of Betty Fisher. On July 2, 1981, while the policy of insurance was in effect and while operating an automobile belonging to his girl friend, Defendant Lucinda Rouson, Berry Thomas was involved in an accident with the Defendants Jerry Harrison and Margaret Harrison who were riding a motorcycle at the time. The accident occurred in Gatlinburg and the Harrisons filed suit against Barry Thomas in the Circuit Court of Sevier County for personal injuries. State Farm, in turn, filed a declaratory judgment action in the Chancery Court of Sevier County asking the court to declare the rights of the parties under the policy. State Farm, in its suit, insists there was no coverage under the policy for two reasons: (1) Barry Thomas was not a "resident of the same household" of the insured at the time of the accident and (2) the automobile he was driving at the time of the accident was "furnished for the regular use" of Thomas.

In his determination of the case the chancellor held that Barry Thomas was not a resident of the same household as the insured at the time of the accident and therefore there was no coverage under the policy. He pretermitted the issue of whether or not the automobile which Thomas was driving was furnished for his regular use.

The Defendants, Jerry and Margaret Harrison, have appealed, insisting the chancellor was in error.

The only pertinent evidence in the record consists of the statements of Barry Thomas which were given to State Farm's adjuster and read into the record by her. The undisputed evidence reveals that Barry Thomas is the stepson of the insured, Virgil Fisher, and the natural son of Betty Fisher, who are residents of Salem, Virginia. He resides in the home of the insured approximately four months during the year, from November to March, and lives in Gatlinburg approximately eight months of the year from April to November. He has seasonal employment in Garlinburg working in a restaurant. He is 19 years of age and is financially self-supporting during the summer season while working but is dependent on his parents during the winter months while he is living with them. He was in his third season of employment and living in Gatlinburg at the time of the accident. At the time of the accident he and his girl friend, Lucinda Rouson, were living together and sharing a residence with one of his brothers. All living expenses, including groceries, utilities, etc., were shared by the three of them. Barry and Lucinda had been living together since April and the brother had been living with them since May. Barry considered his permanent residence to be in the home of his parents in Virginia and it was his intention to return there when his employment would be terminated in November. He and Lucinda had no plans to be married and it was his intention to return to Virginia in November and leave her in Gatlinburg. His mailing address was General Delivery, Gatlinburg, while living in Tennessee, and the address of his parents while living in Virginia. His parents were furnishing him and his brother an automobile to drive while he was in Gatlinburg. He did not own an automobile and had never owned one. He had a Tennessee driver's license which he had had for a short time before the accident. He loaned his parents' car to Lucinda to drive to Sevierville on the day of the accident and she let him have her car to drive to work.

Since the policy at issue was issued in Virginia, the substantive law of Virginia governs. *Great American Ins. Co. v. Hartford Accident & Indem. Co.*, 519 S.W.2d 579 (Tenn.1975); *Ohio Cas. Ins. Co. v. Travellers Ins. Co.*, 493 S.W.2d 465 (Tenn.1973). In *State Farm Mut. Auto. Ins. Co. v. Smith*, 206 Va. 280, 142 S.E.2d 562 (1965), the Supreme Court of Appeals of Virginia defined "household" as follows: " '[T]he term embraces a collection of persons as a single group, with one head, living together, a unit of permanent and domestic character, under one roof; ....' " 206 Va. 280, 142 S.E.2d 562, 565–66, n. 6 (quoting *Lumbermens Mut. Cas. Co. v. Pulsifer*, 41 F.Supp. 249, 251 (S.D.Me. 1941). The court also pointed out that "household is usually taken to refer to a

group of persons, rather than a building." 206 Va. 280, 142 S.E.2d 562, 566, n. 7. The court went on to describe residency as a "more settled or permanent status" than that of "a visitor or sojourner." 206 Va. 280, 142 S.E.2d 562, 566. Since these guidelines are so general, and since they were enunciated in the context of a policy exclusion, they are of little help in the present case. *See* Annot., 93 A.L.R.3d 420, § 2[b] (1979). We believe that the term "resident of the same household" is essentially ambiguous and, in accord with the law of Virginia, should be construed against the author of the policy, the insurer. *See Rowe v. United States Fidelity and Guar. Co.,* 375 F.2d 215 (4th Cir.1967); *United States Auto. Ass'n v. Pinkard,* 356 F.2d 35 (4th Cir.1966); *Mollenauer v. Nationwide Mut. Ins. Co.,* 214 Va. 131, 198 S.E.2d 591 (1973); *Travellers Ins. Co. v. Ford,* 208 Va. 151, 156 S.E.2d 606 (1967).

Many of the courts that have addressed this issue have agreed that the phrase "resident of the same household" as used in the coverage provisions of an automobile liability or other insurance policy are ambiguous. *See Crossett v. St. Louis Fire & Marine Ins. Co.,* 289 Ala. 598, 269 So.2d 869 (1972); *State Farm Mut. Auto. Ins. Co. v. Hanna,* 277 Ala. 32, 166 So.2d 872 (1964); *Travelers Ins. Co. v. Mixon,* 118 Ga.App. 31, 162 S.E.2d 830 (1968); *Montgomery v. Hawkeye Security Ins. Co.,* 52 Mich.App. 457, 217 N.W.2d 449 (1974); *American Universal Ins. Co. v. Thompson,* 62 Wash.2d 595, 384 P.2d 367 (1963); Annot., 93 A.L.R.3d 420, § 2[a] & [b]. Some have gone so far as to state that the term may be given different meanings depending on its use as an exclusionary or inclusionary device. *White v. Nationwide Mut. Ins. Co.,* 245 F.Supp. 1 (W.D.Va.1965), aff'd 361 F.2d 785 (4th Cir.1966); *Crossett v. St. Louis Fire & Marine Ins. Co., supra.* Many courts have stated that a person may have more than one residence at a time. *See State Farm Mut. Auto. Ins. Co. v. Hanna, supra; Travellers Ins. Co. v. Mixon, supra; Taylor v. State Farm Mut. Auto. Ins. Co.,* 248 La. 246, 178 So.2d 238 (1965); *Manuel v. Employers Ins. Co.,* 228

So.2d 321 (La.App.1969); *Bearman v. Camatsos,* 215 Tenn. 231, 385 S.W.2d 91 (1964). Among the factors considered by the courts in deciding cases similar to this one are physical presence in or absence from the household, the circumstances of any absence, prior living arrangements, property left behind, maintenance of living quarters in the household, marital status, legal emancipation, and intent to return. *See* Annot. 93 A.L.R.3d 420 (1979). No single factor is controlling and the appellate courts usually afford great deference to the findings of the trial court. *See e.g., Aetna Cas. & Sur. Co. v. Means,* 382 F.2d 26 (10th Cir.1967); *Montgomery v. Hawkeye Security Ins. Co., supra; American States Ins. Co. v. Walker,* 20 Utah 2d 161, 486 P.2d 1042 (1971).

Although the substantive law of Virginia governs the interpretation of the policy at issue, the law of Tennessee determines the proper standard of review on appeal. *Patterson v. Smith,* 57 Tenn.App. 673, 424 S.W.2d 204 (1965). Since residence is essentially a question of fact, 25 Am.Jur.2d *Domicil* § 101 (1966), and since this case was tried before the chancellor below, his findings are reviewed *de novo* on the record by this court and are entitled to a presumption of correctness. T.R.A.P. 13(d). Upon our review of the record, we conclude the chancellor placed undue emphasis on the living arrangement of Barry Thomas and Lucinda Rousan.

We think the factors to be considered in a case such as the one at bar were aptly expressed by the Colorado Court of Appeals in *United Services Auto. Asso. v. Mione,* 34 Colo.App. 448, 528 P.2d 420 (1974) where the court said the factors to be considered in determining whether or not a person is a resident of a household include: "(1) the subjective or declared intent of the individual, (2) the relative permanence or transient nature of the person's residence in the household, (3) the relationship between the individual and the members of the household, and (4) the existence of a second place of lodging." When all the circumstances are given their

proper weight and are viewed in light of the principles discussed above, we conclude that the evidence preponderates in favor of Appellants' position. The proof shows Barry Thomas was a young man who lived with his parents and relied upon them for his support for a substantial part of the year. His parents provided him with an automobile for his use during his absence. His habit had always been to return to his parents' home when his seasonal employment ended and he intended to do so again in 1981. His relationship with Lucinda was, at least in his mind, no more permanent than his job. Under these circumstances, we hold he was a resident of his parents' household and, unless some policy exclusion is applicable he was covered under the policy.

The Appellants urge this court to hold the exclusion of non-owned automobiles "furnished for regular use" was inapplicable in this case. Since the chancellor's holding on the residency issue pretermitted this issue, he did not rule on the exclusion. Since the trial court did not address this issue, we consider it imprudent to rule on the matter at this time. Although we would like to consider this issue as a matter of judicial economy, since we are a court of appellate jurisdiction we deem it inappropriate to pass on an issue on appeal that was not considered or passed upon by the trial court. *See Crossett v. St. Louis Fire & Marine Ins. Co., supra.* Therefore, we remand the cause for a ruling by the chancellor on this issue upon the record and any supplementary proceedings he deems appropriate. His ruling on this issue will, of course, be determined by the law of Virginia. *See Government Employees Ins. Co. v. Erie Ins. Exchange,* 222 Va. 342, 282 S.E.2d 238 (1981); *Quesenberry v. Nichols,* 208 Va. 667, 159 S.E.2d 636 (1968); *State Farm Mut. Auto. Ins. Co. v. Smith, supra.*

The judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with this opinion. Costs of this appeal are taxed equally to the parties.

PARROTT, P.J., and KIRBY MATHERNE, Special Judge, concur.