**NORTHLAND INSURANCE CO., Plaintiff–Appellee,**

v.

**STATE FARM MUTUAL AUTO INSURANCE CO., Judith E. Asbury, Carl Asbury, Robert S. Ogle, Scott Moore, Individually and d/b/a Supreme Auto Sales, Defendants–Appellants.**

Court of Appeals of Tennessee, Eastern Section.

Aug. 30, 1995.

Permission to Appeal Denied by Supreme Court Feb. 5, 1996.

James S. MacDonald, Jenkins & Jenkins, Knoxville, for Appellant, State Farm Mutual Insurance Company.

James T. Shea, IV, Baker, McReynolds, Byrne, Brackett, O'Kane & Shea, Knoxville, for Appellee, Northland Insurance Company.

## OPINION

McMURRAY, Judge.

This action was initiated by Northland Insurance Company seeking a declaratory judgment as to whether it or State Farm Mutual Insurance Company had primary liability insurance coverage on a vehicle being driven by the defendant, Robert S. Ogle. After a bench trial the court found that State Farm was the primary insurer. This appeal resulted. We affirm the judgment of the trial court.

The only issue presented for review is as follows:

> Was Robert Ogle "living with" his mother and stepfather at the time of the accident in question on November 23, 1990?

The pertinent parts of the liability insurance policy issued by State Farm are as follows:

**Relative**—means a **person** related to **you** or **your spouse** by blood, marriage or adoption who lives with **you**. It includes **your** unmarried and unemancipated child away at school.

\*       \*       \*       \*       \*       \*

**You** or **your**—means the named insured or named insureds on the declarations page.

\*       \*       \*       \*       \*       \*

**Who is an Insured**

\* \* \* \* \* \*

When we refer to a **non-owned car, insured** means:

1. The first **person** named in the declarations;

2. ...

3. their **relatives; and** ...

(All emphases in original).

The material facts of this case are generally undisputed. The only witness who testified at the trial was Jeanette Jones, mother of the defendant, Robert Ogle. Ms. Jones' testimony stands uncontroverted and unimpeached to any material degree.

■ At the hearing, the parties were allowed time within which to brief their respective positions. Subsequently, the trial judge issued a memorandum opinion which is cogent, detailed and accurately states the facts of the case. We adopt and concur with the trial court's findings of fact. Likewise, we adopt pertinent parts of the trial court's conclusions of law as a part of our opinion in the resolution of this case. In so doing, we apply the standard of review found in Rule 13(d), Tennessee Rules of Appellate Procedure. Findings of fact by the trial court in civil actions are reviewed *de novo* upon the record, accompanied by a presumption of the correctness of the finding unless the preponderance of the evidence is otherwise. No such presumption attaches to conclusions of law. *See Adams v. Dean Roofing Co.,* 715 S.W.2d 341, 343 (Tenn.App.1986).

Pertinent portions of the chancellor's memorandum opinion are as follows:

The sole issue before the court is whether Robert S. Ogle (Ogle) was a relative who "lived with" the insured at the time of the accident.

If so, defendant, State Farm Mutual Auto Insurance Company (State Farm) is liable for primary coverage. If not, Northland has primary coverage.

Ogle was involved in an accident on November 23, 1990. At the time, he was test-driving a vehicle owned by Supreme Auto Sales which had a garage policy with Northland. The Mother [Jeanette Jones] of Ogle had a policy with State Farm which covered relatives who lived with the insured.

At the evidentiary hearing, the following facts were established:

(1) Ogle, age twenty-three and apparently unmarried had been sleeping in an abandoned car prior to the accident.

(2) On November 1, 1990, some two weeks prior to the accident, his mother had offered him her home until he could get established, which offer was accepted.

(3) Ogle intended, when he went to stay with his mother, to make arrangements to move to his sister's home, but the record does not reveal steps taken toward that end.

(4) Ogle had first left his parents' home at the age of nineteen (19) and had "bounced about" ever since, living with a brother, a girlfriend, an uncle, a friend and perhaps others.

(5) Ogle moved some personalty to the home of his mother, while leaving other personalty at his brother's and uncle's.

(6) Ogle stayed at the home of his mother about "half and half" prior to the accident, according to his mother.

(7) At his mother's house, Ogle primarily occupied a sofa in a playroom which had been converted from a bedroom.

(8) Ogle received what mail was sent to him at his mother's and brother's.

(9) Ogle had keys to his mother's house and his driver's license listed his mother's address.

(10) After the accident, Ogle went to stay at his sister's house.

(11) While living at his mother's house, Ogle did not use his mother's vehicle, nor was he listed on her policy with State Farm.

\* \* \* \* \* \*

## CONCLUSIONS OF LAW

There is no dispute that the burden is on Northland to show that State Farm had primary coverage. There is also no dispute that, where a policy is ambiguous, it should be interpreted in favor of the insured and against the insurance company.

The Tennessee Court of Appeals, Middle Section, has set out criteria to be considered in determining whether a person "lived with" the insured for the purposes of coverage.

To be considered are his physical presence, prior living arrangements, property left behind, the maintenance of living quarters at the insured's home, marital status, legal emancipation and intent. *McDonough v. State Farm Mut. Auto. Ins.*, 755 S.W.2d 57 (Tenn.App.1988).[1]

\*    \*    \*    \*    \*    \*

Importantly the court also equated the term "living with" as being the nearest equivalent of "residing with", so that cases defining residence should be persuasive. It denoted that "reside" has a connotation of dwelling for a time, or dwelling permanently for some time.

\*    \*    \*    \*    \*    \*

*Hyder v. Hyder,* [16 Tenn.App. 64] 66 S.W.2d 235 (Tenn.App.1932) is a case involving one's domicile, but contains some discussion regarding residence

A person cannot live in one place and by some force of imagination constitute some other his place of abode.

\*    \*    \*    \*    \*    \*

When residence was important it was necessary that the man start upon his journey in order to cast off the impediment of his residence at his domicile of choice. [*Hyder,* at page 241].

The applicability of that case to the present case is that while Ogle intended to move to his sister's, he had made no affirmative action to do or had not "started upon his journey" to acquire another residence.

Plaintiff argues the case means "everyone must live somewhere" and considering all the language, the court is inclined to agree to some extent.

Additionally, it seems to say that a man lives in one place until he actually takes steps to live in another.

Ogle was not a visitor, nor a roomer or boarder, but a family member who had no where else to go under the circumstances that existed at the time of the accident, and as such was "living with" his mother at the time of the accident.

His possessions were strewn, his nights were spent in many places, he had no "bedroom", his future was uncertain, but at the time of the accident, had no other "home" but that of his mother.

\*    \*    \*    \*    \*    \*

■ The trial court thereupon concluded that Ogle was living with his mother and that State Farm was the primary insurer. Our review of the evidence persuades us that the evidence does not preponderate against the findings of fact by the trial court. Additionally, our research has produced some authority which bolsters the final result reached by the chancellor.

In *Ford v. State Farm Mutual Insurance Company,* 1986 WL 6266, an unreported opinion of the Western Section of this Court filed June 4, 1986, the court was called upon to construe language identical to that which we find in the policy at hand. There the court said:

Having found no Tennessee decisions defining the language "living with you", we adopt the rationale set forth in *Stoner* [*Stoner v. State Farm,* 780 F.2d 1414 (8th Cir.1986) ]. The phrase "live with" is de-

---

**1.** *McDonough* was decided adversely to the insureds based upon the particular factual situation of the case.

fined in *Webster's New World Dictionary of the American Language, College Edition,* 1958, at page 857 as follows:

Live with, 1. to dwell with; be a lodger at the home of.

We are of the opinion that the facts established in this case comport with the definition of "live with" as set out above.

In *Allstate Insurance Co., v. Summers,* 1994 WL 719839, an opinion by this court filed December 30, 1994, the court had before it a similar question. There the liability insurance policy contained an exclusion that it did not apply to bodily injuries or property damage suffered by the person named on the declarations page, or to anyone who is a member of the family of the person named on the declarations page and who lives with that person. The court stated:

The law is clear that a person may have more than one residence. This court in *McDonough v. State Farm Mut. Auto. Ins. Co.,* 755 S.W.2d 57 (Tenn.App.1988) construed similar policy language which defined a relative to be "a person related to you or your spouse by blood, marriage or adoption who lives with you ..." *It was determined that the word "live" is commonly used as a synonym for the word "reside."* Id., at 65 (citing *Curtis v. Curtis,* 330 Mich. 63, 46 N.W.2d 460 (1951)), and that "one may have but one domicile or legal residence, but he may have two or more residences." Id. at 65 (citing *Denny v. Sumner County,* 134 Tenn. 468, 184 S.W. 14 (1915)).

Accord, *see Withers v. State Farm Mutual,* 580 So.2d 582 (Ala.1991). In *Withers,* the divorced parents of a minor child who was killed in an automobile accident both had insurance policies wherein a "relative" was defined as "a person who is related to you or your spouse by blood or marriage or adoption who lives with you. It includes your unmarried and unemancipated child away at school."

The *Withers* court found that a determination that the minor child lived with his father for purposes of insurance coverage did not preclude determination that minor also lived with his mother for purposes of her insurance coverage.

■ We are of the opinion that Ogle "lived" or "resided" with his mother. Since "lives with you" is not defined in the policy in question, we must give the words their natural and ordinary meaning. "Where there is no ambiguity, it is the duty of the court to apply to the words used their ordinary meaning and neither party is to be favored in their construction." *Heyer–Jordan & Assoc. v. Jordan,* 801 S.W.2d 814, 821 (Tenn.App. 1990). Words in an insurance policy are given their common and ordinary meaning. *Tata v. Nichols,* 848 S.W.2d 649 (Tenn.1993).

■ It has been determined that there is no ambiguity in the terms "lives with you." *See Ford v. State Farm Mutual Insurance Company,* supra. *See also Allstate Ins. Co. v. Summers,* supra; *McDonough,* supra and *Tollefson v. American Family Insurance Co. et al,* 302 Minn. 1, 226 N.W.2d 280 (1974). Even if an assumption is made that there is an ambiguity in the significant terms of the policy in question, *i.e,* where language in an insurance policy is susceptible of more than one reasonable interpretation, it is well-settled that where the ambiguous language limits the coverage of an insurance policy, that language must be construed against the insurance company and in favor of the insured. *Tata v. Nichols,* 848 S.W.2d 649 (Tenn.1993), citing *Moss v. Golden Rule Life Insurance Co.* 724 S.W.2d 367, 368 (Tenn.App.1990) and *Allstate Insurance Co. v. Watts,* 811 S.W.2d 883, 886 (Tenn.1991).

We conclude that the chancellor was correct in determining that State Farm was the primary insurer. Accordingly, we affirm the judgment of the trial court.

Costs of this appeal are taxed to the appellant and this case is remanded to the trial court for the collection thereof.

GODDARD, P.J., and SUSANO, J., concur.