# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

**FILED**

**July 23, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

**TENNESSEE FARMERS MUTUAL
INSURANCE COMPANY,**

Plaintiff/Appellant,

**v.**

**MATTIE BRADFORD, NOLAN
BRADFORD and wife, JACKIE
BRADFORD,**

Defendants/Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)

Gibson Circuit No. 7405

Appeal No. 02A01-9711-CV-00284

APPEAL FROM THE CIRCUIT COURT OF GIBSON COUNTY
AT TRENTON, TENNESSEE

THE HONORABLE DICK JERMAN, JR., JUDGE

For the Plaintiff/Appellant:

Charles L. Trotter, Jr.
Huntingdon, Tennessee

For the Defendants/Appellees:

Bill R. Barron
J. Mark Johnson
Trenton, Tennessee

James Belew Webb
Milan, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

## OPINION

This is a declaratory judgment action brought by an insurance company under a homeowner's policy against the insured, as well as her son and her daughter-in-law. The insured's house was damaged by fire. The insurance company contended that the fire was intentionally set. The insurance company alleged that the insured failed to cooperate with the investigation by declining to direct her son and daughter-in-law to submit to an examination under oath, and also contended that the son and daughter-in-law were required to submit to examination under oath. The insurance company filed a motion for leave to file a third-party complaint against the son and daughter-in-law. The trial court denied the insurance company's motion for leave to file a third party complaint, granted a motion to dismiss in favor of the son and daughter-in law, and granted the insured's motion for summary judgment. We affirm.

Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers") issued Defendant/Appellee Mattie Bradford ("Mattie") a homeowner's policy providing coverage for her home, located at 72 Trenton Highway, in Bradford, Tennessee. The policy period extended from December 12, 1995, to December 12, 1996. The policy provided:

> PERILS WE INSURE AGAINST
> We cover direct loss to property insured under the Dwelling, Other Structure and Personal Property Coverage caused by:
> 1. *Fire or Lightening*
>
> * * *
>
> EXCLUSIONS:
> We do not cover loss resulting directly or indirectly from: . . . .
> 8. Any action, other than accidental, committed by at the direction of any *insured person* resulting in a loss or with the intent to cause a loss. *We* do not cover such loss for *you* or any *insured person*.
>
> * * *
>
> Our Right To Recover Payment
> After making payment under this Policy, *we* will have the right to recover to the extent of *our* payment from anyone held responsible . . . .

(emphasis in original).

On August 19, 1996, the home was damaged by fire. At the time of the fire, Mattie was temporarily residing in a retirement home in Trenton, Tennessee, and had planned to return home.

On December 14, 1989, prior to the fire loss, Mattie executed a durable power of attorney appointing her son, Defendant/Appellee Nolan Bradford ("Nolan") as her attorney in fact. On Mattie's behalf, after the fire, Nolan submitted a proof of loss statement and a "personal property inventory" list to Tennessee Farmers. Mattie also provided Tennessee Farmers with a supplemental

proof of loss. After a request from Tennessee Farmers, Mattie submitted to an examination under oath, pursuant to the terms of her homeowner's policy. On September 10, 1996, Tennessee Farmers took recorded interviews from Nolan and his wife, Defendant/Appellee Jackie Bradford ("Jackie"). Tennessee Farmers demanded that Nolan and Jackie also submit to an examination under oath. On November 11, 1996, Nolan arrived for the examination but Jackie did not. Tennessee Farmers refused to examine Nolan under oath in his wife's absence.

On March 4, 1997, Tennessee Farmers filed a declaratory judgment action against Mattie, Nolan, and Jackie seeking a determination of the rights and obligations of the parties under the policy. Tennessee Farmers alleged that the fire was intentionally set and that "one or more of the defendants had opportunity to set the fires and motive to do so." Tennessee Farmers asserted that Nolan, by submitting forms to Tennessee Farmers on behalf of Mattie, and Jackie, by entering the premises and obtaining personal property of Mattie's, acted as agents on Mattie's behalf. As Mattie's agents, Tennessee Farmers contended that Nolan and Jackie had a duty under the policy to cooperate with Tennessee Farmers' investigation of the fire and that they breached this duty by failing to submit to examination under oath. Tennessee Farmers further alleged that Mattie breached the duty of good faith and fair dealing by refusing to instruct Nolan and Jackie to submit to examination under oath.

On March 10, 1997, Nolan and Jackie filed a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure, asserting that they were not named insureds under the policy issued to Mattie and that the policy required only an insured to submit to examination under oath. On April 28, 1997, Mattie filed an answer to the complaint for declaratory judgment and a counterclaim seeking damages for Tennessee Farmers' refusal to pay for the loss, including a 25% penalty for Tennessee Farmers bad faith refusal to pay the claim pursuant to Tennessee Code Annotated § 56-7-105(a). Mattie also filed a motion to dismiss, arguing that the policy required only that she submit to an examination under oath, which she had done, and that consequently she was entitled to be compensated for her loss under the policy. On June 12, 1997, Mattie filed two motions for summary judgment, along with an affidavit, asserting that she had complied with the terms of the policy and that she had no duty to instruct Nolan and Jackie to submit to examinations under oath. Mattie also argued that she was entitled to summary judgment on her counterclaim against Tennessee Farmers.

2

On June 25, 1997, Nolan and Jackie filed a motion for a protective order to prevent Tennessee Farmers from inquiring into their alleged marital problems and financial condition in order to prove a motive for destroying Mattie's home. Tennessee Farmers filed an answer to Mattie's counterclaim, a motion to amend the complaint for declaratory judgment, and a motion for permission to file a supplemental pleading. In its motion to amend its complaint, Tennessee Farmers set forth amended language to a policy exclusion which was in effect at the time of the fire. The amended exclusion provides: "Any action other than accidental, committed by or at the direction of any insured person resulting in a loss or with the intent to cause a loss. We do not cover such a loss for you or any insured person." Tennessee Farmers supplemental complaint alleges that the proof of loss statement submitted by Mattie was "pretextual" and designed to prevent Tennessee Farmers from investigating Nolan and Jackie's alleged role in the fire. On July 14, 1997, Nolan and Jackie signed affidavits stating that the statements in their recorded interviews given to Tennessee Farmers were true and correct. Subsequently, Tennessee Farmers filed a motion for summary judgment asserting that they were entitled to a judgment on all issues.

In its motion for summary judgment, Tennessee Farmers described the statements given by Nolan and Jackie. Tennessee Farmers alleged that both Jackie and Nolan had a key to Mattie's house, that Jackie had incurred substantial credit card debt in the past which was discharged in bankruptcy, that Nolan had utilized the power of attorney executed by Mattie to change some of her certificates of deposit to his name, and that Jackie admitted being in Mattie's home at 2:00 p.m. on the day of the fire. Tennessee Farmers asserted that the fire was reported by an unknown person at 2:36 p.m. after Jackie left, and that evidence indicated clearly that the fire was deliberately set.

In its motion, Tennessee Farmers did not allege that Mattie participated in setting fire to her home. Rather, Tennessee Farmers alleged that she had a duty under the policy to "require" her son and daughter-in-law to submit to examination under oath by Tennessee Farmers, and that her refusal to do so precluded her from recovering for her loss under the policy.

On July 21, 1997, the trial court conducted a hearing regarding the numerous pending motions. In an order filed September 3, 1997, the trial court granted Nolan and Jackie's motion to dismiss for failure to state a claim. Having dismissed the case as to Nolan and Jackie, the trial court deemed moot their motions relating to discovery. The trial court also granted Tennessee Farmers permission to file a supplemental pleading and amend the complaint for declaratory judgment.

3

Finally, the trial court found that it was premature to hear Mattie's motion to dismiss and motion for summary judgment, as well as Tennessee Farmers' motion for summary judgment; these were held in abeyance.

On October 2, 1997, Tennessee Farmers filed a motion for leave of court to file a third party complaint against Nolan and Jackie, alleging that the fire "was set by, or with the connivance, acquiescence and consent, of either or both . . . Nolan . . . and . . . Jackie who alone or together had the motive and opportunity to do so." Tennessee Farmers renewed its allegation that Nolan and Jackie were agents of Mattie and owed Tennessee Farmers a duty of cooperation under the policy.

The trial court conducted a second hearing on October 6, 1997. Although the record does not contain this order, the trial court filed an order on October 14, 1997. Tennessee Farmers then filed an Application for Extraordinary Appeal to this Court under Rule 10 of the Tennessee Rules of Appellate Procedure asserting that the October 14, 1997, order was not a final order because it had not been entered in accordance to Rule 58 of the Tennessee Rules of Civil Procedure. This Court granted Tennessee Farmers' Rule 10 motion, finding that the trial court's order was defective because it did not contain the signature of Tennessee Farmers' counsel and a certificate of service as required by Rule 58 of the Tennessee Rules of Civil Procedure. This Court also found that the October 14, 1997, order was not a final order because it did not contain the "magic language" required by Rule 54.02 of the Tennessee Rules of Civil Procedure, which requires "that there be an express determination that there is no just reason for delay and that there be an express direction for entry of a final judgment." *See* Tenn. R. Civ. P. 54.02.

On January 20, 1998, Tennessee Farmers filed a motion for entry of a final judgment. On March 6, 1998, the trial court entered two orders. In the first order, the trial court, pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, finalized the interlocutory rulings of the July 21, 1997, and October 6, 1997, hearings, i.e. the orders entered on September 3, 1997, and the October 14, 1997. In its second order, the trial court held that Mattie was entitled to a judgment as a matter of law. The trial court also denied Tennessee Farmers motion for leave to file a third party complaint against Nolan and Jackie. From this order, Tennessee Farmers now appeals.

On appeal, Tennessee Farmers argues that the trial court erred (1) in granting summary judgment in favor of Mattie; (2) in granting a motion to dismiss in favor of Nolan and Jackie; and

4

(3) in denying Tennessee Farmers' motion to amend its answer and file a third party complaint against Nolan and Jackie.

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Tennessee Farmers argues that the trial court erred in granting summary judgment in favor of Mattie and argues that its motion for summary judgment should have been granted. It contends that Mattie failed to cooperate with its investigation by refusing to direct Nolan and Jackie to submit to examination under oath, in breach of her duty of good faith and cooperation under the policy. Tennessee Farmers asserts that there is a genuine issue of material fact as to whether Nolan and Jackie were acting as Mattie's agents.

The language in an insurance policy should be given its usual, common, and ordinary meaning. *Harrell v. Minnesota Mut. Life Ins. Co.*, 937 S.W.2d 809, 814 (Tenn. 1996); *see also Tata v. Nichols*, 848 S.W.2d 649, 650 (Tenn. 1993); *Northland Ins. Co. v. State Farm Mut. Auto*

5

*Ins. Co.*, 916 S.W.2d 924, 928 (Tenn. App. 1995). Ambiguous language in the policy will be construed against the insurer and in favor of the insured. *Harrell*, 937 S.W.2d at 814. The policy provides:

> What To Do In Case of Loss
>
> If a covered loss occurs, the *insured person* must: . . . .
> (c) make a list of all damaged or destroyed property, showing in detail quantities, costs, actual cash value and amount of loss claimed;
> (d) send to *us*, within 60 days after loss, the above list and a proof of loss signed and sworn to by the *insured person* . . . .
> (f) submit to examinations under oath by a person named by *us* and sign the transcript of the examinations; . . . .

(emphasis in original). The policy requires only the *insured* to submit to examination under oath. There is no provision in the policy requiring an agent or intermediary of the insured to submit to examination under oath. As to Mattie, the policy contains no provision indicating a duty to direct a third person, agent or otherwise, to submit to examination under oath.

> The policy also provides:
>
> EXCLUSIONS:
> We do not cover loss resulting directly or indirectly from: . . . .
> 8. An action by or at the direction of an *insured person* committed with the intent to cause a loss. This exclusion does not apply to loss sustained by an *insured person* who does not participate in such action nor have knowledge of such action.
>
> * * *
>
> Concealment Or Fraud
> This entire policy is void as to the *insured*, if an *insured person* has intentionally concealed or misrepresented any material fact or circumstances relating to this insurance, or acted fraudulently or made false statements relating to this insurance.
>
> * * *
>
> Section I is amended by deleting Exclusion 8 in EXCLUSIONS and replacing it with Exclusion 8 below:
> 8. Any action, other than accidental, committed by or at the direction of any *insured person* resulting in a loss or with the intent to cause a loss. *We* do not cover such loss for *you* or any *insured person*.
> (emphasis in original).

In its motion for summary judgment, Tennessee Farmers argued that Mattie failed to cooperate with the investigation by refusing to direct Nolan and Jackie to submit to examination under oath. In response to Mattie's motion for summary judgment, Tennessee Farmers asserted that "[a] reasonable trier of fact could conclude [that] Mattie Bradford, although she did not personally set the fire, is covering up for her son and his wife who were acting on her behalf in this claim as her agents." Tennessee Farmers alleged no facts indicating that Mattie either directed, participated or had knowledge of any plan to set fire to the property. Tennessee Farmers alleges that Mattie

6

"concealed or misrepresented [a] material fact or circumstances relating to [the] insurance . . . ." as stated in the policy, but asserts no facts in support of its allegation. Put simply, the gist of Tennessee Farmers' allegation against Mattie is that she refused to "direct" Nolan and Jackie to submit to examination under oath.

In its brief before this Court, Tennessee Farmers asserts that a genuine issue of material fact exists as to whether Nolan and Jackie acted as Mattie's "agents, intermediaries or as individuals in setting the fire and submitting the claim to the insurance company . . . ." However, in the pleadings before the trial court, the only assertion supported by an allegation of fact is the contention that Mattie refused to direct Nolan and Jackie to submit to examination under oath. As noted above, the policy does not state that the insured has a duty to "direct" any third party, agent or not, to submit to examination under oath. We find that no such duty is implied in the policy. Accordingly, as to Mattie's claim against Tennessee Farmers, no genuine issue of material fact exists. The trial court's decision to deny Tennessee Farmers' motion as to Mattie and grant Mattie's motion for summary judgment is affirmed.

Second, Tennessee Farmers argues that the trial court erred in granting Nolan and Jackie's motion to dismiss for failure to state a claim. In *Pursell v. First American National Bank*, 937 S.W.2d 838, 840 (Tenn. 1996), the Supreme Court addressed the standard applied by a court in ruling on a motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure:

> A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. The basis for the motion is that the allegations contained in the complaint, considered alone and taken as true, are insufficient to state a claim as a matter of law. The motion admits the truth of all relevant and material allegations, but asserts that such facts do not constitute a cause of action. In resolving the issues in this appeal, we are required to construe the complaint liberally in the plaintiff's favor and take the allegations of the complaint as true.

*See also Engenius Entertainment, Inc. v. Herenton*, 971 S.W.2d 12, 17 (Tenn. App. 1997).

In their motion to dismiss, Nolan and Jackie argue that they are not insureds under the policy and that the policy does not require them to submit to examination under oath. Tennessee Farmers argues that Nolan and Jackie are interested parties in this declaratory judgment action under Tennessee Code Annotated § 29-14-107 because "they handled Mattie Bradford's affairs." Tennessee Farmers argues that Nolan was Mattie's fiduciary because he held her power of attorney and signed a sworn statement of loss on her behalf and is subject to the policy. Tennessee Farmers

7

reiterates its allegations that Nolan and Jackie were involved in setting the fire, noting that Jackie went to Mattie's home just before the fire was reported and that both Nolan and Jackie had motive and opportunity to set the fire.

Tennessee Code Annotated § 29-14-103 provides:

> Any person interested under a . . . written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

Tenn. Code Ann. § 29-14-103 (1980). Therefore, in this declaratory judgment action, the issue is to determine the rights and obligations of the parties under the insurance policy. In this case, the policy at issue defines "insured" as follows:

> *"Insured person"* means: (a) *you*; (b) *your* spouse or the relatives of either residing in *your* household; and (c) any other person under the age of 21 residing in *your* care or the care of a resident relative.

(emphasis in original). It is undisputed that Nolan and Jackie did not reside with Mattie. The policy contains no provision making a fiduciary or agent an "insured" under the policy. Consequently, Nolan and Jackie are not "insureds" under the policy and have no rights or duties under the policy. The provisions of the policy do not require them to submit to examination under oath.

Tennessee Farmers appears to assert a subrogation claim against Nolan and Jackie. The policy states: "After making payment under this Policy, *we* will have the right to recover to the extent of *our* payment from anyone held responsible. The *insured person* will do whatever is required to transfer this right to *us*." (emphasis in original). Thus, under the policy, Tennessee Farmers has the right to recover from a party who is held responsible for a loss only "[*a*]*fter* making payment under this policy . . . ." (emphasis supplied). Tennessee case law also indicates that the subrogation claim arises only after payment is made under the policy. In **Wimberly v. American Casualty Company**, 584 S.W.2d 200, 203 (Tenn. 1979), the Court held that an insurer's right to subrogation arises when the insured is "made whole." **See also Mullins v. Parkey**, 874 S.W.2d 12, 14-15 (Tenn. App. 1992). In this case, Tennessee Farmers has not paid Mattie for the loss. Consequently, at this point, Tennessee Farmers may not assert a subrogation claim against Nolan and Jackie.

Finally, Tennessee Farmers argues that the trial court erred in denying its motion for leave to file a third party complaint against Nolan and Jackie. Tennessee Farmers alleged that, if

8

Tennessee Farmers is found liable to Mattie, it is entitled to recover from Nolan and Jackie. Rule 14.02 of the Tennessee Rules of Civil Procedure allows a plaintiff to bring in a third party when a counterclaim is asserted against the plaintiff. *See* Tenn. R. Civ. P. 14.02. Rule 14.01 governs both plaintiff and defendant third party practice and provides, in part: "[t]he third-party plaintiff need not obtain leave to make the service if the third-party complaint is filed not later than 10 days after service of the third-party plaintiff's original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action." Tenn. R. Civ. P. 14.01. We have noted that this language is identical to the federal impleader rule. *Velsical Chem. Co. v. Rowe*, 543 S.W.2d 337, 338 (Tenn. 1976). Under the federal impleader rule, whether to permit a third-party complaint is within the sound discretion of the trial court; therefore, we apply an abuse of discretion standard to the trial court's decision to deny a motion to file a third party complaint. *See Highlands Ins. Co. v. Lewis Rail Service Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992).

In this case, Tennessee Farmers' reluctance to pay Mattie without an adjudication of its rights against Nolan and Jackie is understandable. Once the claim is paid to Mattie, Tennessee Farmers may suspect that Nolan could access the insurance proceeds by utilizing the power of attorney executed by Mattie. There is factual basis for the assertion that the fire was deliberately set and that Nolan and Jackie had both motive and opportunity to set the fire. However, given the procedural posture of this case, we cannot conclude that the trial court erred in its rulings. There are no facts indicating that Mattie participated in setting the fire or had knowledge of the alleged plan by Nolan and Jackie to set the fire. The only allegation against Mattie stems from her refusal to "direct" Nolan and Jackie to submit to examination under oath; however, the policy does not require Mattie to do so. Thus, Mattie is entitled under the policy to be compensated for her loss. Until Mattie is paid, Tennessee Farmers' claim against Nolan and Jackie does not arise. Therefore, we cannot say that the trial court abused its discretion in denying Tennessee Farmers' motion for leave to file a third party complaint against Nolan and Jackie.

In sum, we find that Mattie has no duty under the policy to "direct" Nolan and Jackie to submit to examination under oath. Therefore, no genuine issue of material fact exists as to Mattie's claim for payment under the policy, and the decision of the trial court to deny Tennessee Farmers' motion for summary judgment and grant summary judgment in favor of Mattie is affirmed. Nolan

and Jackie are not "insureds" under the policy and thus have no duty under the policy to submit to examination under oath. Since Mattie has not yet been compensated under the policy for her loss, Tennessee Farmers has no subrogation claim against Nolan and Jackie, and the trial court's denial of Tennessee Farmers' motion for leave to file a third party complaint against Nolan and Jackie is affirmed. This ruling does not preclude Tennessee Farmers from asserting a claim in a separate action against Nolan and Jackie once Mattie has been compensated under the policy for her loss.

The decision of the trial court is affirmed. Costs on appeal are taxed to the Appellant, for which execution may issue if necessary.


_____
**HOLLY KIRBY LILLARD, J.**

_____
**CONCUR:**


_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**DAVID R. FARMER, J.**

10