**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 29, 2013**

# In the Court of Appeals of Georgia

A12A1884. JOHNSON v. BARTLEY et al.

MILLER, Presiding Judge.

Lennisha Johnson appeals the trial court's order granting summary judgment to Bristol West Insurance Company, challenging the court's conclusion that the insurance policy issued by Bristol West to Johnson's father did not provide uninsured motorist coverage for injuries she sustained in a 2010 automobile accident. We conclude that Johnson was not an insured person under the policy at the time of the accident and therefore affirm.

In order to prevail on a motion for summary judgment under OCGA § 9-11-56, the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment, the appellate court is to conduct a de novo review

of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation and punctuation omitted.) *Weller v. Blake*, 315 Ga. App. 214, 215 (726 SE2d 698) (2012).

Viewed in the light most favorable to Johnson, the facts showed that Johnson was born in Memphis, Tennessee in August 1987 and lived at the same address from the time she was three years old until she graduated from high school. Johnson went to Tallahassee Community College in Florida for 2005 and 2006 and then to Coffeyville Community College in Kansas for one year. Next, Johnson returned to her parents' house in Memphis and attended Southwest Community College for one semester. In August 2007, Johnson moved to Georgia to attend Kennesaw State University, where she received a basketball scholarship.

Johnson lived on campus for her first two years at Kennesaw State, and returned to Memphis for the summer of 2008. In the fall of 2009, Johnson moved to an off-campus apartment in Kennesaw, Georgia, where she lived alone. Her dad bought her a car, which was registered in her name. She later obtained car insurance with GEICO in Georgia. Johnson obtained a Georgia driver's license in July 2009,

but her car remained registered in Tennessee because she was not able to register it in Georgia. She worked for Murphy Oil in Kennesaw during the summer of 2009 and did not return to Tennessee, except to visit. Johnson testified that the last time she lived in Tennessee was prior to April 2009, but submitted an affidavit in which she stated that she returned home regularly for weekends, school breaks, and holidays. After the accident, however, Johnson submitted an application to Kennesaw State in which she certified that she had continuously resided in Georgia from August 15, 2007 to March 17, 2011.

While she attended Kennesaw State, Johnson's parents continued to pay some of her expenses that were not covered by the scholarship. Johnson filed tax returns in Georgia for 2009 and 2010. Her parents claimed her as a dependent on their tax returns up until 2010. She registered to vote in high school in Tennessee, but has never voted.

On January 30, 2010, Johnson was a passenger in a car driven by a friend when they were hit by a car driven by Derrick Bartley. Johnson suffered injuries to her arm, leg, and eye, which required multiple surgeries, and incurred medical expenses in

excess of $190,000. She sued Bartley to recover for her injuries.[1] Bristol West was served with a copy of the complaint as an underinsured motorist carrier for Johnson under a policy issued to Johnson's father in Tennessee. In October 2009, Johnson was removed from that policy at her father's request.

Bristol West denied Johnson's claim under the personal automobile policy issued to her father because she had been removed from the policy prior to the accident and she was not otherwise covered as a resident of her father's household at the time of the accident. The parties filed cross motions for summary judgment on the coverage issue. After conducting a hearing , the trial court granted Bristol West's motion. Applying Tennessee law, the trial court concluded that Johnson was not covered under the Bristol West policy because she was not "actually living" in her father's household and was therefore not an "insured person" as defined by the policy.

1. The parties correctly stipulate that Tennessee law governs the construction of the policy because the insurance contract was made and delivered to Johnson's father in Tennessee. *Geico Gen. Insurance Co. v. Wright*, 299 Ga. App. 280, 281 (682

---

[1] Johnson does not dispute that she has recovered from Bartley's liability insurance carrier , her uninsured carrier, and the uninsured carrier of the driver of the car in which she was riding.

4

SE2d 369) (2009); *O'Neal v. State Farm Mut. Automobile Insurance Co.*, 243 Ga.

App. 756, 757 (1) (533 SE2d 781) (2000); *General Electric Credit Corp. v. Home*

*Indemnity Co.*, 168 Ga. App. 344, 350 (2) (b) (309 SE2d 152) (1983).

The policy provides uninsured motorist coverage as follows:

*PART C – UNINSURED MOTORIST COVERAGE*

**INSURING AGREEMENT**

Subject to the limits of liability, if "you" pay "us" the premium when due for Uninsured Motorist coverage: "We" will pay compensatory damages an "insured person" is legally obligated to recover from the owner or operator of an "uninsured motor vehicle"[2] because of

A.    "Bodily injury" sustained by an "insured person" and caused by an "accident" if the "Declarations" indicates that Uninsured Motorists "Bodily Injury" Coverage applies; and

B.    "Property Damage" sustained by an "insured person" and caused by an "accident" if the "Declarations" indicates that Uninsured Motorists "Property Damage" Coverage applies.

---

[2] An "uninsured motor vehicle" is defined to include a motor vehicle to which a liability policy applies at the time of the accident, but the sum of the limits of liability available under all collectible polices is less than the coverage provided under the Bristol West policy.

5

Under Part C of the policy, an "insured person" includes "you" or any "family member." Pursuant to the policy's general definitions, "you" and "your" include the "named insured" and the spouse of the "named insured." "Family member" means a person related to "you" by blood, marriage or adoption who is a "resident" of "your" household. "Resident" means domiciled and actually living in the household in which "you" reside.

2. Johnson contends that the trial court erred in concluding that the policy should not be construed in her favor because the relevant terms are undefined and ambiguous, specifically the terms "domiciled," "actually living," and "household." Applying Tennessee law, we conclude that these terms are unambiguous.

The Tennessee Supreme Court has stated that

[t]he analysis used in construing insurance policies is well settled. Insurance contracts like other contracts should be construed so as to give effect to the intention and express language of the parties. Words in an insurance policy are given their common and ordinary meaning. Where language in an insurance policy is susceptible of more than one reasonable interpretation, however, it is ambiguous. Where the ambiguous language limits the coverage of an insurance policy, that language must be construed against the insurance company and in favor of the insured.

6

(Citations and punctuation omitted.) *Tata v. Nichols*, 848 SW2d 649, 650 (Tenn. 1993).

Under Tennessee law, domicile is an established term, meaning the same thing as legal residence. *Bearman v. Camatsos*, 215 Tenn. 231, 236 (385 SW2d 91) (1964); see *Parrott v. Abraham*, 146 SW3d 623, 627 (Tenn. App. 2003) ("'Domicile' is, of course, a concept widely used in both federal and state courts for jurisdiction and conflict-of-laws purposes, and its meaning is generally uncontroverted.") Tennessee courts have also determined that no ambiguity exists in the phrase "lives with you." *Northland Insurance Co. v. State Farm Mut. Insurance Co.*, 916 SW2d 924, 928 (Tenn. App. 1995).

"The phrase 'resident of your household' and similar phrases appear often in insurance contracts. They have been construed frequently and are not ambiguous." (Citations omitted.) *National Insurance Assn. v. Simpson*, 155 SW3d 134, 138-139 (II) (B) (Tenn. App. 2004); see *Gredig v. Tennessee Farmer's Mut. Insurance Co.*, 891 SW2d 909, 914 (III) (Tenn. App. 1994) ("The appellate courts of [Tennessee] have clearly held that language similar to the 'residing in your household' language of the instant policy is susceptible to definition. To the extent that it can be and has been defined by our appellate courts, the language is not ambiguous."). "However,

7

[Tennessee] courts have recognized that these phrases are necessarily elastic because of the numerous factual settings to which they apply." (Citations omitted.) *Simpson*, supra, 155 SW3d at 139 (II) (B).

3. Johnson contends that the trial court erred in determining that she could not have two simultaneous residences – one at her parent's Tennessee home and one at her college apartment in Georgia. She also challenges the trial court's conclusion that she was not actually living with her parents at the time of the collision.

There are Tennessee cases stating that a person may have more than one residence, but only one domicile. *Bearman*, supra, 215 Tenn. at 236; *McDonough v. State Farm Mut. Automobile Insurance Co.*, 755 SW2d 57, 67 (Tenn. App. 1988). The trial court did not conclude that it was impossible for a person to have two simultaneous principal residences, but noted that such circumstances are exceptional. Regardless, the relevant issue is whether Johnson was a resident of her father's household as defined by the policy.

An "insured person" under the policy includes any "family member," which is defined to include a person related to you by blood who is a resident of your household. The policy defines "resident" as domiciled and actually living in the household of the named insured. The trial court determined that Johnson's domicile

8

remained in Tennessee , but concluded that she was not "actually living" in her father's household.

Because the term "actually living" is not defined in the policy, we must give the words their natural and ordinary meaning. *Northland Insurance Co.*, supra, 916 SW2d at 928. In such circumstances, Tennessee courts have looked to the dictionary definition, finding that "live with" means to dwell with or be a lodger at the home of. Id. at 927-928. In *Northland*, a 23-year-old was determined to be "living with" his mother when he had been sleeping in a car prior to the accident, had first left his parents' home at 19 and had bounced around ever since, kept some property at his mother's house and received his mail there and at his brother's house, had keys to his mother's house and listed his mother's address on his driver's license . Id. at 926-927. The court held he was "not a visitor . . ., but a family member who had no where else to go under the circumstances as they existed at the time of the accident, and as such was 'living with' his mother at the time of the accident." Id. at 927.

In *McDonough*, supra, 755 SW2d at 58, 66, the court considered whether a 28-year-old son lived with his parents for purposes of determining uninsured motorist coverage. According to the parents, the son had lived with his parents off and on during and after college and although he had signed a lease on a house, he spent two

or three nights at his parent's house during the week and most weekends, ate meals at their house, kept clothing and other items at their house, had a key to their house and a bedroom where he slept, received mail there and at his rental house, received support from them, and intended to move back in with his parents and give up the rental house. Id. at 59-65. Although the parents argued that their son lived in their home and the rental home, the court disagreed based on its determination that the son had established a residence in the rental house, using it for his personal and business headquarters, that he spent most nights there, and that he used that address on his checks and his driver's license. Id. at 67. The court noted that he retained a special relationship with his parents' home, but held that the relationship was "that of a welcome, frequent, but irregular visitor. It could not be reasonably characterized as that of a resident who 'lived with' his parents." Id.

Based on the circumstances present here, we conclude that Johnson was not "actually living" with her parents. At the time of the accident, Johnson was a 22-year-old student at Kennesaw State and lived in an off-campus apartment. She had signed a one-year lease on her Georgia apartment where she lived full-time, except for some weekends and holidays, did not return to her parents' house the summer before the accident, was employed in Georgia, had a Georgia driver's license, maintained

10

Georgia insurance on her car, and kept her car at her Georgia apartment. Although Johnson was a frequent and welcome visitor at her parents' home, she was not "actually living" there in January 2010. See *McDonough*, supra, 755 SW2d at 67.

Johnson relies on *State Farm Mut. Automobile Insurance Co. v. Thomas*, 699 SW2d 156 (Tenn. App. 1983), to support her claim that she is a resident of her father's household. *Thomas*, however, was decided under Virginia law and involved a 19-year-old who lived with his parents except during the summer season. Id. at 157. Johnson also points out that other jurisdictions have ruled that children attending college away from their parents' homes are considered residents of their parents' household for auto insurance purposes. See 66 ALR5th § 269-5a and cases cited therein. Tennessee, however, is not one of the states that has weighed in on this issue. Nor is the policy at issue one that specifically includes "your unmarried and unemancipated child away at school" in the definition of family member or relative. See *Northland*, supra, 916 SW2d at 925. Further, Johnson's father removed her from his policy despite a notification on the front page of the policy that "[u]nless drivers residing with the 'named insured' and other drivers who do not reside with the 'named insured' but frequently or regularly use a covered auto are named in the 'Declarations', coverage may not be afforded."

Our decision that Johnson is not an insured person under the policy is based on the policy terms and Tennessee law interpreting those terms, considering the specific facts of this case. That decision is not inconsistent with Tennessee cases interpreting the phrase "resident of your household" where the term "resident" is not defined in the policy as it is here. In 1961, the Tennessee Supreme Court held that "household" means "those living together under one roof, under one head and under the common control of one person." *Boyd v. Peoples Protective Life Ins. Co.*, 208 Tenn. 280, 286 (345 SW3d 869) (1961). The trial court relied on this definition to conclude that Johnson was not actually living with her parents because she and her father were not living together under one roof and there was no evidence that she was under his control such that he could bring her home at any time. Later cases from the Tennessee Court of Appeals have stated that the prevailing understanding of household does not necessarily require the existence of a family head, but instead recognize a household as a group or set of persons who dwell together as a family under the same roof. *VanBebber v. Roach*, 252 SW3d 279, 286 (III) (B) (Tenn. App. 2007); *Simpson*, supra, 155 SW3d at 139-140 (II) (B). Factors used to determine whether a person is a resident of a household

include, but are not limited to: (1) the person's subjective or declared intent to remain in the household either permanently or for an indefinite or unlimited period of time, (2) the formality or informality of the relationship between the person and the other members of the household, (3) whether the place where the person lives is in the same house or on the same premises, (4) whether the person asserting residence in the household has another place of lodging, and (5) the age and self-sufficiency of the person alleging to be a resident of the household.

*Simpson*, supra, 155 SW3d at 139-140 (II) (B).

Although Johnson and her parents certainly were a family and submitted affidavits indicating that Johnson intended to remain in her parents' household , she was not in fact dwelling under the same roof with them at the time but instead at her own apartment in a different state. Johnson was not a minor and had a job, but she was not completely self-sufficient. Considering the additional factors that Johnson had not lived with her parents the prior summer and her certification that she had continuously lived in Georgia from August 2007 to March 2011, our conclusion that Johnson was not "actually living" with her parents is consistent with a determination that she was not a resident in their household at the time of the accident.

13

We therefore affirm the trial court's grant of Bristol West's motion for summary judgment on the issue of coverage.

*Judgment affirmed. Ray and Branch, JJ., concur*.

14