The plaintiff, Greathel Routledge Withers, appeals from a summary judgment entered in favor of State Farm Mutual Automobile Insurance Company in her action claiming that her now deceased son, who lived primarily with his father after his parents' divorce, was covered under the uninsured/underinsured provisions of her automobile insurance policy with State Farm.
The facts requisite to an understanding of the issues involved may be summarized as follows: Ms. Withers and James A. Routledge were divorced in December 1983. Two children, Shane and Douglas, were born during the marriage. The divorce judgment provided, in part, that although the parents would be awarded joint custody of the children, they would reside primarily with their father.
In December 1988, Douglas, age 15, died as a result of injuries sustained as a passenger in a one-vehicle accident. Routledge and Ms. Withers filed separate suits against the driver of the vehicle, each claiming damages for the wrongful death of Douglas. Each parent also filed a claim seeking underinsured motorist coverage under the parent's individual policy with State Farm. All of the policies issued to Ms. Withers and Routledge included underinsured motorist coverag, to relatives of the named insured. The policies defined "relative" as "a person who is related to you or your spouse by blood or marriage or adoption who lives with you. It includes your unmarried and unemancipated child away at school."
In January 1990, Routledge filed a complaint for a declaratory judgment, seeking a determination as to whether Douglas was an insured under his policy of insurance with State Farm. Withers and State Farm were named as defendants. Withers filed a cross-claim against State Farm, asserting that Douglas was an insured under her policy of insurance with State Farm. In February 1990, Routledge filed a motion for summary judgment. In March 1990, the trial court entered a summary judgment *Page 584 
in Routledge's favor, holding as a matter of law that "Douglas Wade Routledge's was an 'insured' under the policy of insurance owned by the plaintiff and issued by the defendant, State Farm." No appeal was taken from that judgment. Subsequent thereto, Withers filed a motion for summary judgment as to her cross-claim against State Farm. State Farm responded with its own cross-motion for summary judgment. In July 1990, the trial court entered a summary judgment in favor of State Farm. Essentially, the trial court, in its reasons for the judgment, stated that because Douglas "lived with" his father, he could not possibly have also "lived with" his mother, for purposes of insurance coverage.
State Farm contends that the evidence shows that Douglas "lived with" his father within the meaning of the State Farm policy. State Farm's contention is premised on the grounds that (1) the father was the primary custodial parent of the children; (2) Douglas received his mail at his father's address; (3) Douglas listed that address on his learner's permit; (4) Douglas spent the vast majority of his free time at his father's address; and (5) Douglas's brother, Shane, stated in his affidavit that he and his brother considered their father's home to be their home.
Conversely, Ms. Withers contends that the evidence shows that Douglas "lived with" her within the meaning of the State Farm policy. Her contention is premised on the grounds that (1) under the terms of the divorce decree, she and her former husband were granted joint custody of the children; (2) the children spent approximately 150 nights per year at her home; (3) the children maintained their own separate rooms at her home; (4) she provided the children with spending money while they were with her; (5) she purchased some of her sons' clothes and recreational equipment; and (6) the children were included on her personal dental insurance plan. Additionally, Withers contends that the phrase "lives with" is ambiguous and should, therefore, be construed against State Farm.
As indicated earlier, the policy in question provides coverage to those relatives who "live with" the named insured. Obviously, for Douglas to be covered under his mother's policy, he would have had to be "living with" her at the time of his death. Thus, the decisive issue presented is whether there was evidence that Douglas, at the time of the accident, "lived with" his mother, Ms. Withers, for purposes of underinsured motorist coverage.
Recently, this Court in Davis v. State Farm Mutual AutomobileIns. Co., [Ms. 1900058, April 11, 1991] (Ala. 1991), determined that the term "live with," as used in an insurance policy similar to the one presented here, is an "ambiguous, elastic, or relative term, and includes a very temporary, as well as a permanent abode." Therefore, in construing the term "live with," as it relates to the facts presented here, we are constrained to follow the well-settled rule that ambiguities found within an insurance policy must be resolved against the insurer. Crossett v. St. Louis Fire Marine Ins. Co., 289 Ala. 598, 269 So.2d 869 (1972).
After careful consideration of the record and of the briefs submitted on appeal, we are impelled to the conclusion that the trial court erred in holding, as a matter of law, that Douglas did not "live with" his mother, Ms. Withers, within the meaning of her policy of insurance with State Farm. The record reveals that, although Douglas spent the majority of his time at his father's house, he also spent a considerable amount of time at his mother's house, in accordance with the divorce judgment. This opinion should be interpreted as holding that the trial court erred in holding that Douglas "lived with" his father; to the contrary, we are simply holding that there was sufficient evidence from which the trial court could reasonably infer that Douglas lived "lived with" his mother, Ms. Withers, at the time of the accident, for purposes of underinsured motorist coverage. In other words the evidence would support the conclusion that Douglas "lived with" both parents. *Page 585 
It follows, therefore, that the trial court's summary judgment in favor of State Farm is due to be reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, HOUSTON and KENNEDY, JJ., concur.