HOUSTON, Justice.
American National Property and Casualty Company, a defendant in an action pending in the Choctaw Circuit Court, petitions for a writ of mandamus directing the trial court to set aside its order com *1213 pelling certain discovery. We grant the petition and issue the writ.
Barbara Johnson is named as an insured under an automobile insurance policy apparently issued by American National General Insurance Company. The policy states that her “spouse” is also covered, “if living in the same household.” Barbara Johnson is presently married to Charles Johnson, against whom default judgments have been obtained by Antonio Jones and Sherri Smith in the amounts of $1,368,-063.26 and $238,760.76 respectively. Those judgments were entered in separate lawsuits that Jones and Smith filed after they had been involved in separate automobile accidents with Charles Johnson. The record indicates that Charles Johnson took Barbara Johnson’s automobile without her permission and, while intoxicated and being pursued by the police, struck the automobiles being driven by Jon'es and Smith. Jones and Smith suffered personal injuries as a result of the accidents.
After obtaining the judgments against Charles Johnson, Jones and/or Smith demanded payment under Barbara Johnson’s policy. The insurer denied coverage. Jones and Smith filed a declaratory-judgment action against American National, seeking to collect under Barbara Johnson’s policy, pursuant to Ala.Code 1975, § 27-23-2.
American National Property and Casualty Company states in' its petition that it was erroneously named as a defendant in the case pending in the Choctaw Circuit Court. It suggests that an affiliated company, American National General Insurance Company, is the company that actually issued the policy in question in this case and is the company that the plaintiffs intended to sue. Although the record is somewhat unclear as to whether American National General Insurance Company is the proper party, the record does indicate that the application filled out by Barbara Johnson was directed to American National General Insurance Company and that Barbara Johnson was instructed to mail her premium payments to that company. The record also indicates that Jones and Smith have filed a motion to add American National General Insurance Company as a defendant. For purposes of this petition, we will treat American National Property and Casualty Company as the party with standing to seek mandamus relief. We will refer to that company in the remainder of this opinion as “American National.”
The action filed by Jones and Smith is based solely in contract; it is a “direct” action authorized by statute, and it seeks no damages based on allegations of fraud or bad-faith failure to pay an insurance claim. American National answered the complaint, alleging, among other things, that Charles Johnson had no coverage because Barbara Johnson had misrepresented on her application that she and Charles Johnson were divorced, and because, it said, Charles Johnson was not “living in the same household” with Barbara Johnson at the time of the- accidents. The record indicates that Charles Johnson and Barbara Johnson are separated and are contemplating divorce. The record also indicates that there is a factual dispute as to whether Charles Johnson was “living in the same household” with Barbara Johnson, within the meaning of Barbara Johnson’s policy, at the time of the accidents.
In the course of preparing their case, Jones and Smith sought discovery of a number of items, including: 1) “[t]he name and address of each and every insured of [American National] who had a claim filed with [American National] in which the insured vehicle ... allegedly was used without permission, and the ambunt of insurance, if any, that was paid by [American National] as a result of each such claim” (request for production no. 6); 2) “[t]he name and address of every insured of [American National] whose spouse used the insured’s vehicle without permission and the claim was denied on that basis and/or no coverage was provided” (request for production no. 7); 3) “[t]he name and address of every insured *1214 of [American National] whose relative used the insured’s vehicle without permission and the claim was denied on that basis and/or no coverage was provided” (request for production no. 8); and 4) “[t]he name and address of every insured of [American National] whose spouse was not residing in the home with the insured and the claim was denied on that basis and/or no coverage was provided” (request for production no. 9). Jones and Smith maintained that the information sought by these requests was relevant or was reasonably calculated to lead to the discovery of relevant information.
American National objected to these requests, arguing just the opposite — that the information sought by the requests was irrelevant or was not reasonably calculated to lead to the discovery of relevant information — or, in the alternative, that for it to comply with the requests would be unduly burdensome and expensive and would violate its duty to keep its policyholders’ records confidential. American National introduced evidence indicating that it would have to search hundreds of thousands of files by hand in order to comply with the discovery requests. The trial court ordered disclosure of the requested information; however, it did find that complying with the requests would place an undue burden or undue expense on American National. To reduce that burden or expense, the trial court ordered Jones and Smith to reimburse American National for half the cost of searching the files. American National then filed this petition, making essentially the same arguments it had made to the trial court.
Rule 26(b)(1), Ala.R.Civ.P„ states that “[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action” and that “[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.” Although the trial court has a great deal of discretion in ruling on discovery requests, that discretion is not unlimited. A writ of mandamus will issue to prevent an abuse of discretion. Ex parte Wal-Mart Stores, Inc., 682 So.2d 65 (Ala.1996).
The issue before the trial court is purely one of contractual interpretation — whether Charles Johnson is covered under Barbara Johnson’s policy. For purposes of this petition, we view the dispositive issue before the trial court as being whether Charles Johnson was “living in the same household” with Barbara Johnson at the time of the accidents.[1] If the trier of fact determines that he was “living in the same household” with .Barbara Johnson, then Charles Johnson is covered under the policy, unless American National can successfully raise another defense. If the trier of fact determines that he was not, then Charles Johnson has no coverage under the policy and American National is entitled to prevail.
After carefully reviewing the record and the briefs, we can find no basis for concluding that the information sought by Jones and Smith is relevant to the issue of contractual interpretation before the trial court. In Davis v. State Farm Mutual Automobile Insurance Co., 583 So.2d 225 (Ala.1991), this Court held, as a matter of law, that the term “live with,” as used in the insurance policy in question, like the term “reside” or “residing,” was an ambiguous, elastic, or relative term, and that it included a very temporary, as well as a permanent, abode. See also Withers v. State Farm Mutual Automobile Insurance Co., 580 So.2d 582 (Ala.1991). We can conceive of no material difference between the term “live with,” as interpreted in Davis, and the term “living in the same household,” which is at issue in this pres *1215 ent case. The Court in Davis also recited the well-settled rule that insurance contracts are to be construed liberally with regard to coverage and that any doubt in coverage must be resolved against the insurer and in favor of the insured. Applying Davis to this present case, we think the basic question for the trial court is whether Charles Johnson was living with Barbara Johnson, either temporarily or permanently, at the time of the accidents. The scope of such a factual determination is discussed at length in Davis. None of the information sought by Jones and Smith in their requests for production nos. 6, 7, 8, and 9, is relevant to, or reasonably calculated to lead to the discovery of evidence that is relevant to, that factual determination.
For the foregoing reasons, we hold that the trial court abused its discretion in ordering American National to comply with requests for production nos. 6, 7, 8, and 9.
WRIT GRANTED.
HOOPER, C.J., and MADDOX, COOK, SEE, and BROWN, JJ., concur.
LYONS, J., recuses himself.

. The information sought by the discovery requests is clearly not relevant to American National's fraud defense, which is based on allegations that Barbara Johnson misrepresented her marital status on the application.