HOUSTON, Justice
(dissenting).
I must dissent; I would grant the petition. I concurred in Withers v. State Farm Mutual Automobile Insurance Co., 580 So.2d 582 (Ala.1991), in which seven Justices (with no Justices dissenting) held that the phrase “lives with” as that phrase was used in an insurance policy is ambiguous and includes “ ‘a very temporary, as well as a permanent abode.’ ” 580 So.2d at 584. Therefore, we reversed the trial court’s summary judgment for State Farm to allow a jury to determine whether a child, who spent most of his time with his father but who also spent time at his mother’s house in accordance with a divorce judgment, “live[d] with” his mother so as to be covered under the uninsured/under-insured provisions of his mother’s automobile insurance policy. Withers was based on the holding in a case I wrote and released two weeks before Withers was released: Davis v. State Farm Mutual Automobile Insurance Co., 583 So.2d 225 (Ala.1991). Davis held that for purposes of determining insurance coverage a person could “live” in more than one place.
Therefore, does the word “primarily” as it is used in the phrase “who lives primarily with you” make this phrase unambiguous? To me, “primarily” in that phrase is as ambiguous, elastic, and relative as the phrase “live with.” The American Heritage Dictionary (4th ed.2000), which is my dictionary of choice, defines “primary” as “first or highest in rank, quality, or importance; principal; Being or standing first in a list, series, or sequence; occurring first in time or sequence; earliest; Being or existing as the first or earliest of a kind; primitive.” It defines “principal” as “first, highest, or foremost in importance, rank, worth, or degree; chief.” The phrase “who lives primarily with you” is ambiguous. I think it was a question for the trier of fact as to whether B.D.B., who was in the custody of, and residing with, her father at the time of B.D.B.’s accident, was living primarily with her father at that time.